Angelo L. Rosa (Idaho State Bar No. 7546)
ROSA PLLC
950 West Bannock Street, Suite 1100
Boise, Idaho 83702
Telephone:     +1 (208) 900-6525
Fax:           +1 (208) 515-2203
E-mail:        arosa@rosacommerce.com


Attorneys for Plaintiff
ANDREW R. GRIMSHAW

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREW R. GRIMSHAW, an individual residing in the State of Utah,<br><br>     Plaintiff,<br><br>        v.<br><br>BREANNE M. BIRCH, a.k.a. BREANNE M. SANDERS, an individual residing in the State of Idaho, and DOES 1-30, inclusive,<br><br>     Defendants. | Case No.<br><br><br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** |

COMES NOW Plaintiff, ANDREW R. GRIMSHAW ("Plaintiff" or "Andrew"), by and through the ROSA PLLC law firm and respectfully files his Complaint ("Complaint") against Defendant, BREANNE M. BIRCH ("Defendant" or "Ms. Birch") (each, a "Party" and sometimes collectively referred to as "the Parties") and alleges as follows:

### INTRODUCTION

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 1

The present action—seeking general, consequential, and punitive damages—is necessitated by Defendant, whose actions are (charitably) definable as malignant, untruthful, and lowbred, and which Defendant herself has openly confessed to others as calculated to harm Andrew. During the Parties' brief marriage, Defendant's deceitful behavior including the use of emotional abuse (often fueled by alcohol) followed by extortion. The objective of Defendant's conduct was (historically) intended to exact absurdly minor financial benefits from Andrew by driving him out their shared residence and then conditioning their reconciliation upon him paying Defendant money. After Defendant's drunken malevolence went too far and involved law enforcement, Andrew liberated himself from this cycle of abuse and he severed the relationship permanently. However, this forced Defendant to abandon her previous course of "emotional prostitution" and adopt instead unmerited and vicious attempts at interfering with Andrew's custodial rights as a parent (traumatizing both Andrew and his children) by confederating with Andrew's first spouse and committing perjury in multiple child protection petitions that were ultimately deemed meritless and dismissed. Finally, when Defendant's attempts to harm Andrew out of sheer bad faith failed, she resorted to committing multiple acts of *per se* defamation that are well-documented and committed with a seeming disregard for the consequences and filing of unfounded reports with the Pocatello Police Department (several officers of which Defendant has "social relationships" with).

Defendant's unambiguous malice toward Andrew has wasted law enforcement resources, judicial resources, and financial resources. Her attempts to wield law enforcement and the judiciary as bludgeons for causing Andrew harm, and her resorting to reckless defamation constitute ample cause for redress. However, given the evidence (described below) establishing Defendant stated her intentions in advance and then used outright lies to fulfill those intentions represents a singular

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 2

degree of ill-intent that demands redress, prompting the petition made by Andrew hereby for a writ of mandamus directing the United States Attorney to pursue charges of perjury and felony interference with child custody under the laws of the States of Utah and Idaho. This action represents an essential need to hold Defendant accountable for conduct that has reached a point where it poses grave legal consequences and therefore requires redress through this Honorable Court.

Andrew apologizes to this Honorable Court in advance for the unappetizing nature of the facts and the predominating theme that would otherwise betoken a domestic dispute. However, Andrew is not seeking family law or domestic relations relief from this Court. Rather, while this Court is not a refuge for victims of emotional abuse, when abusive and manipulative animus leads to actions such as those Defendant has committed, the legal consequences of those actions fall squarely within the Court's jurisdiction.

## I.
## THE PARTIES, JURISDICTION, AND VENUE

1.    Andrew is an individual residing in the County of Utah, State of Utah.

2.    Defendant is an individual residing in the County of Bannock, State of Idaho.

3.    This Court has both diversity and federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332.  There is diversity of citizenship of the parties to this case and the amount in controversy exceeds $75,000.00. This Court also has original jurisdiction over Andrew's petition for issuance of a writ of mandamus and his request for declaratory relief pursuant to 28 U.S.C. §§ 1361 and 2201-2202.

4.    This Court has supplemental and/or pendent jurisdiction over the Idaho state law claims pled herein pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1391(b)(2) because (a) the acts and occurrences giving rise to the causes of action pled in this Complaint occurred in Bannock County, State of Idaho; and (b) Defendant is a resident of, and domiciled in, Bannock County, State of Idaho.

## II.
## FACTUAL ALLEGATIONS

5.      On or about 8 June 2022, Andrew and Defendant were married. Shortly thereafter, Andrew relocated from South Jordan, Utah to a shared residence at ██████████ in Pocatello, Idaho.

### Andrew's Financial Generosity Toward Defendant

6.      From the onset of the Parties marriage, Defendant's demands upon Andrew were almost exclusively financial and "transactional" in nature. Notably:

      a.      On or about 8 June 2022, Andrew began paying Defendant approximately three-thousand Dollars ($3,000.00) per month to cover their shared living expenses.

      b.      On or about 10 August 2022, Andrew paid $1,000 deposit for Defendant's son braces. Defendant did not contribute any funds to this expense.

      c.      On or about 7 September 2022, Andrew paid $2,500 for new carpet for the parties' residence. Defendant did not contribute any funds to this expense.

      d.      In September 2022 Andrew paid off all of Defendant's personal credit cards, which totaled approximately $7,800. Defendant did not contribute any funds to this repayment.

      e.      In November 2022, Andrew paid $3,500 to finish master bathroom for the parties' residence. Defendant did not contribute any funds to this expense.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 4

7.       Defendant, who is a 911 dispatcher employed in Blackfoot, Idaho, kept her paycheck and contribute minimally to the living expenses of the marital home.

<u>Cycles of Abuse and (Conditional) Reconciliation</u>

8.       Beginning in October 2022, a cycle of abuse of abuse and reconciliation began. Defendant, often (if not always) intoxicated, would verbally abuse Andrew and kick him out of their shared residence. Andrew would retreat to the safety of family in Utah. Then, upon condition that Andrew pay her some amount of money, Defendant would offer reconciliation. Between October 2022 and January 2023, as will be shown, Andrew was emotionally enslaved to Defendant and did as he was told.

9.       On or about 9 October 2022, Defendant had been consuming alcohol excessively and, unprovoked by Andrew, became very belligerent and aggressive to the point that Andrew no longer felt comfortable at the home. He then left the Parties' home to avoid a confrontation. Andrew stayed with his brother in Utah temporarily. Defendant only allowed Andrew (her spouse at the time) to come back home if he transferred five-hundred dollars ($500) to her first, which Andrew did.

10.       On or about 20 November 2022, Defendant experienced another episode of abusive and irrational behavior, and demanded that Andrew leave their shared residence. Andrew left with a small carload of belongings and drove again to Utah to stay with family. Around this time, Defendant choose to file a petition for annulment of the Parties' marriage.

11.       On or about 25 November 2022, Andrew notified Defendant that he was coming to Idaho to pick up all his personal belongings from their shared residence in Pocatello. Defendant threatened Andrew by saying: "***<u>You better have my money or I'll change the annulment to a divorce</u>*** **and** ***<u>"Karma will win".</u>*** In other words, Defendant wanted Andrew to pay a contractor

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 5

the final $1,600 to finish the master bathroom renovations in their shared residence. Further, Defendant demanded Andrew pay all the utilities bills. Andrew considered his relationship with Defendant at an end and moved all his personal belongings out only after paying Defendant for the shared residence utilities and the contractor. Andrew stayed temporarily with family in Utah. A true and correct copy of Defendant's messages to Andrew are attached and incorporated hereto as "Exhibit 1."

12.     On or about 1 December 2022, Defendant filed a Petition for Annulment with the Magistrate Division of the Sixth Judicial District Court for Bannock County. In the Petition, Defendant undertook to reimburse Andrew $4,500 in exchange for Andrew having previously paid off Defendant's personal credit card debt.

13.     On or about 6 December 2022, Defendant filed an Amended Petition for Annulment, removing the $4,500 reimbursement to Andrew. **Shortly thereafter, Defendant attempted to reconcile with Andrew, proposing that if Andrew did not require Defendant to repay the funds used to satisfy her personal (pre-marriage/separate property) credit card debt, Andrew could move back into their shared residence in Pocatello. Andrew, wishing to make good faith efforts to salvage the parties' relationship, agreed.**

14.     On or about 10 December 2022, Andrew again moved back to Pocatello. The parties resided there together until 28 January 2023.

15.     During the period of 10 December 2022 and 28 January 2023, it became apparent that Defendant had, consistent with the cyclical theme of the Parties' relationship, falsely induced Andrew into reconciliation to avoid having to pay the $4,500.00 in credit card debt and to continue collecting $3,000 a month for shared living expenses (rent). This time, Defendant had set the cost

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 6

of continuing the Parties' relationship at $4,500 in debt forgiveness and $3,000 per month in living expense payments.

<u>Defendant's Confederation With Andrew's First Spouse</u>

16.    On or about 11 November 2022, Defendant began communicating with Andrew's first wife, Melissa White ("Ms. White"). Andrew's history with Ms. White is relevant given the following facts:

      a.    Andrew and Ms. White were married in 2010 and have three (3) children together.

      b.    **In 2018, Ms. White committed adultery and became pregnant by another man while she was married to Andrew**.

      c.    In 2019, Andrew and Ms. White divorced.

      d.    **Ms. White began speaking to Defendant, initially, for the purposes of assisting her [Ms. White] in obtaining more child support. However, Andrew had (and continues) a long-established history of making timely and voluntary child support payments to Ms. White in conformity with the Utah Child Support Guidelines**.

      e.    Ms. White also represented to Defendant that Andrew had a history of mental health problems and physical abuse. Both allegations were false.

17.    Unbeknownst to Andrew, Defendant and Ms. White became friends, upon information and belief, by bonding over their similar habits of (delusional and improper) self-victimization.

<u>28 January 2023</u>

18.    On or about 28 January 2023, Andrew went to Utah for the day to visit his children.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 7

19.     Andrew left the Parties' residence in Idaho on good terms with the Defendant.

20.      Shortly after Andrew picked up his children in Utah, Ms. White (for reasons unknown) disclosed to Andrew that Defendant had provided her with text message screenshots, indicating that she [Ms. White] intended to use those screenshots to take their children away from him [Defendant] and that she wanted more child support.

21.     Deeply frustrated at this ongoing and seemingly inescapable torment, Andrew commented to Ms. White that a potential ex-wife text message screenshot would not get his children taken away. Ms. White then called the Defendant and told her that Andrew referred to her as a "potential ex-wife." This agitated Defendant, who knew Andrew's work-related camera equipment (having an approximate value of $40,000) was being prepped and packed in the Parties' master bedroom (that entire week) for an upcoming film shoot in Florida could be a form of leverage (as will be seen below).

22.     While Andrew was in Utah visiting his children, Defendant sent Andrew a text message, stating that she would not "mess" with his camera equipment and that she needed "to cool down." Defendant then asked when Andrew would be returning home. Andrew responded to Defendant, saying that he would be leaving Utah to return home at around 6:30 p.m. that evening. Defendant then acknowledged that. A true and correct copy of these messages are collectively attached and incorporated hereto as "Exhibit 2." Defendant therefore knew Andrew would be arriving back home that evening. Defendant's knowledge and acknowledgement of this fact is relevant because Defendant later perjured herself in support of the various filings she and Ms. White submitted against Andrew, which allege that Andrew had returned home unannounced. This

fact was also ignored by Defendant when making (false) statements to law enforcement later that day while attempting to charge Andrew with trespassing.[1]

23.     On the evening of 28 January 2023, Andrew returned home from this day trip visiting his children in Utah, when the following unfolded:

   a.     Upon arrival at the Parties' shared residence, Andrew discovered that Defendant had moved Andrew 's clothes and some of his personal property from the shared bedroom into the entryway of their home. Defendant had barricaded herself, along with all of Andrew 's filming equipment, in the master bedroom of the residence.  Andrew was engaged to do a film shoot in Florida. Defendant was aware of this engagement and that Andrew required the filming equipment she was withholding from him. Consistent with her pattern of exchanging cooperation for minor financial benefit, Defendant demanded that she surrender Andrew 's video equipment to him on condition of Andrew agreeing to pay the rent on their residence for February 2023. Andrew told Defendant that he would not be paying rent for February and that he was going to move out. This caused Defendant to become extremely agitated.

   b.     Andrew began to collect his personal belonging from the areas of the house he had access to, including items located in the Parties' kitchen. Unbeknownst to Andrew, his opening a kitchen cabinet had the effect of blocking a miniature video camera that Defendant had apparently placed in the kitchen. Immediately thereafter, Defendant came out of the master bedroom in a rage and started insulting

---

[1] These false statements were recorded by the Pocatello Police Department officer's body camera. Andrew is in possession of copies of this footage, which will be lodged with the Court.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 9

Andrew. Refusing to descend to Defendant's level of drunken animus, Andrew gently asked Defendant if he could please have his camera equipment. In response, **Defendant then announced she was calling Ms. White (Andrew 's former spouse) to have a witness and said, verbatim: "*I'm going to cause a domestic dispute, so your kids are taken away"*.** When this statement was made, Andrew started recording audio recording. The insults continued with Defendant calling him a "*Borderline Personality Disorder Asshole*" "*You don't deserve your kids*" "*You are lucky to have Melissa*" and "*I will provide everything to an attorney*". Andrew could smell alcohol on Defendant's breath and her speech was noticeably slurring her words. Cans of alcohol kept in the kitchen refrigerator were gone when Andrew arrived home that evening. Sensing trouble, Andrew began recording the audio of this unsavory encounter.

c.      Defendant continued shouting at Andrew, stating that he had eight (8) minutes to get all his belongings but was not allowed in their shared master bedroom for his film equipment or personal items. Defendant went into the master bedroom and returned downstairs with Andrew's camera equipment, throwing it on the floor piece by piece.

d.      Andrew had camera equipment and personal items in the shared garage as well as their shared bedroom. He went into the garage and pushed the garage door opener. He heard the garage motor start but since it was so cold the garage door was frozen to the ground and never opened. Andrew did not realize it never opened. Andrew asked Defendant to put her three (3) dogs in a room so he could start taking his possessions to his car. Defendant, still in an intoxicated rage, continued yelling

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 10

and demanding Andrew start taking items outside. Andrew, attempting to deescalate the situation, did as he was told to do and opened the residence front door. Andrew then put everything he was allowed to on the front porch and he told the Defendant he needed to get items from the garage. Defendant then slammed the front door and locked Andrew outside.

e.      Soon thereafter, Andrew requested that Defendant open the garage door as he needed to get items from the garage. Defendant opened the door and Andrew began walking to the garage. **Defendant, who was still acting irrationally, started physically pushing/bumping Andrew, claiming (incorrectly) that he was not allowed to get his stuff from the garage and that he needed to go through civil court to get the items.** Andrew walked straight to the garage and started placing all his film equipment and personal items outside the backyard door.

f.      While this distasteful encounter was transpiring, Defendant was still on the phone with Ms. White. It was Ms. White who contacted the Pocatello Police Department on Defendant's behalf. Once Andrew finished putting his items outside the garage door, he told the Defendant to lock the door and that he wanted her to feel safe. While Andrew was loading all his belongings in his car, the Pocatello Police Officers arrived. **Defendant, who is a 911 dispatcher and has "social relationships" of varying degrees with several Pocatello Police officers, persuaded the Police to issue Andrew a citation for "Domestic Dispute without injury," which Defendant had verbality told Andrew she would do to get his kids removed based on his refusal to pay rent for February 2023.** Defendant's allegations have evolved into a criminal proceeding pending (as of the date this

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 11

Complaint is filed) before the Sixth Judicial District Court for Bannock Count (Case No. CR03-23-00961) (the "Criminal Matter").

g.      Around midnight, the encounter with the Pocatello Police Department engineered by Defendant had concluded. Andrew initially planned to return to Utah. However, given the heavy snowfall that had intensified in the interim and the understandable degree of emotional and physical exhaustion caused by this ordeal, Andrew checked into a hotel in Pocatello and left for Utah approximately six (6) hours later.

24.      Since 28 January 2023, Andrew has neither seen nor communicated with Defendant. Moreover, with the sole exception of mandatory in-person court appearances, Andrew has not traveled to Idaho. During the limited periods Andrew has been in Idaho for these court appearances, he has intentionally avoided all locations except the Bannock County Courthouse and gas stations for refueling his vehicle for the return drive to Utah.

25.      On or about 1 February 2023, the Bannock County Prosecutor filed a No Contact Order, which is standard process after a domestic dispute (Case No. NCO-2023-000507) (the "Criminal NCO Matter"). A true and correct copy of this No Contact Order is attached and incorporated hereto as "Exhibit 3."

26.      On 1 February 2023—the same day that the Bannock County Prosecutor obtained the No-Contact Order in the Criminal NCO Matter—Defendant petitioned the Sixth Judicial District Court for a Protection Order (Case No. CV03-23-373) (the "Redundant Civil NCO Matter"). From a legal perspective, this was completely unnecessary since there was already a No Contact Order issued because of the Criminal Matter. A true and correct copy of the papers served upon Andrew relating to this action are collectively attached and incorporated hereto as "Exhibit

<u>4</u>."  Defendant lied under oath in the Sworn Petition for Protection Order by alleging previous domestic battery charges (which never occurred), alleged the Parties' annulment was entered because of Andrew's mental illness (which does not exist), and included several pages of attachments containing false and spurious accusations. Defendant persisted in filing this action despite being told twice (and distinctly) that a No-Contact Order would be obtained by law enforcement[2], rendering Defendant's filing frivolous, unnecessary and motivated by improper animus. This is consistent with the course of Defendant's conduct illustrated below. *See infra*.

27.    A Temporary No-Contact Order was issued along with the customary Order to Show Cause regarding further injunctive relief at a hearing scheduled for 28 February 2023. However, as borne out by the following facts, it appears that Defendant intended to use the Redundant Civil NCO Matter to "entrap" Andrew by attempting to lure him into contact with her and, failing that, to falsify incidents of alleged contact by Andrew. Defendant's application for a Protection Order consisted of spurious and material misrepresentations including, *inter alia*, that Andrew was mentally ill and abusive. However, Defendant failed to appear to show cause regarding a preliminary and/or permanent injunction in this redundant proceeding. **Consequently, on or about 28 February 2023, Judge Jarmen dismissed the Redundant Civil NCO Matter**. The falsity of the statements made under oath are the basis of Andrew's request for Declaratory Relief. A true and correct copy of the Order dismissing the action is attached and incorporated hereto as "<u>Exhibit 5</u>."

<u>Defendant's and Ms. White's Unmerited (and Unsuccessful) Attempts to Strip Andrew of His Custodial Rights</u>

---

[2] The responding officers video recorded after the incident on 28 January. That footage confirms Defendant being clearly and unambiguously notified by the Pocatello Police Officer (twice) that a No-Contact Order would be filed.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 13

28.     On or about 4 February 2023, less than one week after a regular custodial visit by Andrew—a visit during which Ms. White expressed no concern about the safety of their children while in Andrew's care—Ms. White initiated a case with the Utah Department of Child Protective Services (DCFS Case No. 2980931) (the "Utah Child Protection Matter"). Andrew was never served with the papers in this action and learned of its pendency from the related no-contact order proceedings filed by Ms. White.

29.     This matter was initiated with the collusion of Defendant, who provided a statement in support of Ms. White's petition in the Utah Child Protection Matter, which contained numerous false statements about Andrew again materially misrepresenting that Andrew was mentally ill and had poor/abusive parenting skills. Defendant admitted in the Redundant Civil NCO Matter that she was involved in "other court cases" involving Ms. White. *See* Exhibit 4, *supra*. Andrew cooperated fully, transparently, and truthfully in responding to the allegations. **Consequently (and most appropriately) DCFS determined that Ms. White's and Defendant's allegations lacked merit. On or about 28 February 2023, the DCFS closed the Utah Child Protection Matter**. However, the action was dismissed without cause for issuance of a protective order being issued.

30.     On or about 9 February 2023, Ms. White, again in collusion with Defendant, petitioned the Fourth District Court of the State of Utah, for Utah County (Provo Division) for an Ex Parte Protection Order for Ms. White and Andrew's three (3) children (Case No. 23440414) (the "Utah County Domestic Protection Order Matter"). A true and correct copy of the Petition served upon Andrew is attached and incorporated hereto as "Exhibit 6." Defendant supplied a statement in support of this petition, again making false statements under oath that Andrew was mentally ill, and that he had been diagnosed professionally with "Borderline Personality Disorder" by a Utah therapist on or about 30 November 2022: all of which were false. A true and correct

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 14

copy of Defendant's sworn declaration is attached and incorporated hereto as "Exhibit 7." The true facts are that Andrew was not diagnosed with Borderline Personality Disorder by any therapist, in Utah or any other location, nor does he suffer from such an affliction.

31.     **Ultimately, on or about 27 February 2023, Commissioner Ito determined that the allegations of Ms. White (made with the collusion and support of Defendant) lacked merit and dismissed the Utah County Domestic Protection Order Matter, vindicating Andrew again from their false allegations**. The shocking degree of intentional and material misrepresentations made under oath by Ms. White and Defendant were effectively rebutted by Andrew. Consequently, the matter was determined to be without merit and dismissed. A true and correct copy of the Order dismissing the action is attached and incorporated hereto as "Exhibit 8."

32.     On or about 10 February 2023, Ms. White, again with assistance of Defendant, filed another petition for an Ex Parte Child Protection Order, for Andrew's three (3) children. (Case No. 234900837) (the "Salt Lake County Domestic Protection Order Matter"). The petition in question was based, yet again, upon Defendant's false allegations that Andrew was mentally ill and abusive. A true and correct copy of the papers served upon Andrew relating to this action, including the statements made by Defendant, are collectively attached and incorporated hereto as "Exhibit 9." **On or about 2 March 2023, Commissioner Luhn determined that the allegations of Ms. White (made, again, with the collusion and support of Defendant) lacked merit and dismissed the Salt Lake County Domestic Protection Order Matter, vindicating Andrew yet again from their false allegations**. A true and correct copy of the Order dismissing the action is attached and incorporated hereto as "Exhibit 10."

33.     In summary, three separate actions—one filed by Defendant (the Redundant Civil NCO Matter, *see supra*) and two (2) filed by Ms. White with Defendant's support—were filed

within one week of each other. Defendant, upon information and belief, influenced Ms. White to seek two (2) separate protection orders in two (2) separate judicial districts and, by filing sworn statements in support of Ms. White's petitions, perjured herself on behalf of Ms. White. This "forum shopping" approach was calculated to make Andrew incur time and expense and shows a shameful disregard for the judicial process, much less Andrew's rights. **Defendant had no reason to facilitate or support Ms. White's petitions other than out of a malicious intent to injure Andrew**. However, by relying upon the truth, Andrew was successful in obtaining a dismissal of Ms. White's meritless actions.

34.     Although Andrew has successfully defeated Ms. White's frivolous petitions to the Third and Fourth District Courts in Utah, doing so came required Andrew to incur significant legal fees. More importantly, **Andrew was prevented from having any contact with his three children between 28 January 2023 through 2 March 2023. These costs, both emotional and financial were the direct result of Defendant's influence exerted upon Ms. White**.

35.     Andrew loves his children, and his lack of parenting time has caused him severe emotional upset (as distinct from the allegations of mental illness that Defendant has repeated defamed Andrew with). Andrew has and continuing to have one-on-one therapy multiple times a week to help him through all this emotional distress. Andrew's children also suffered tremendous emotional distress not being able to have contact with Andrew and they are now having weekly one-on-one therapy and group counseling in school. **Defendant's willingness to triangulate Andrew's children into a scenario fabricated solely to injure Andrew is a matter of gravest consequence**.

<u>Defendant's Defamatory Publications Regarding Andrew</u>

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 16

36.     On or about 10 February 2023, Defendant sent a group text message to all her co-workers to block Andrew on all social media platforms and provided them with Andrew's social media usernames/"handles" for that purpose. In her message, Defendant falsely alleged that Andrew was harassing her and that he [Andrew] was a danger to her and her family. Andrew was sent a screenshot of this image. A true and correct copy of Defendant's defamatory publication to her co-workers is attached and incorporated hereto by reference as "Exhibit 11."

37.     On or about 13 February 2023, Defendant sent a series of text messages to Andrew's brother, Gordon Grimshaw and his wife Hailey, falsely alleging that (a) Andrew was "sexually abused as a child," and (b) that he [Andrew] needed help with "his Borderline Personality Disorder". Both of Defendant's statements about Andrew were false: Andrew was neither sexually abused as a child nor does he suffer from Borderline Personality Disorder. A true and correct copy of Defendant's defamatory publications to Andrew's brother and sister-in-law is attached and incorporated hereto by reference as "Exhibit 12."

38.     On or about 2 March 2023, Defendant contacted Ms. White by phone, inquiring about the outcome of the recent hearing held in the Utah County Child Protection Order Matter. Upon information and belief, Defendant subsequently sent Ms. White a text message, stating: "*With all these legal fees Andrew will not be able to afford anything but a single bedroom apartment. So, you can use that to get the kids taken away too*". This statement, made over a month after Defendant's malevolent conduct had driven him away permanently, further demonstrates the animus motivating her [Defendant's] conduct and a clear indication of her intent to interfere with Andrew's custodial rights.

39.     Andrew has been contacted by the Pocatello Police Department alleging that Defendant has claimed the No-Contact Order Violation on at least two (2) other occasions and

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 17

falsely accused Andrew of property damage and stealing the parties camper license plates in which Defendant insisted the Bannock County Sheriff's Office to obtain a search warrant tracking Andrews location. Defendant's request was denied by the investigating detective and Prosecutor due to its lack of merit. by the date this Complaint is filed. While Defendant's allegations have always been without basis, her abuse of the access she has to law enforcement personnel for the purpose to harassing and mistreating Andrew, despite his wanting nothing to do with Defendant. Defendant's misrepresentations to Idaho courts and law enforcement officers, namely that Andrew is continually attempting to contact her, are acts of "projection" whereby Defendant is accusing Andrew of the misconduct she herself has committed. Andrews desires no contact with Defendant and has made no attempts to contact her.

<u>Defendant's Attempts to Induce Andrew to Violating the No Contact Order Related to the Idaho Criminal Matter</u>

40.     Remarkably coincidental with the denial of the petitions filed by Ms. White with Defendant's support, Andrew was contacted by the Pocatello Police Department on 2 March 2022. The Officer alleged that he [Andrew] had broken the No Contact Order, stating that the Defendant had provided him screenshots of a text message that included no words, only a period sign (a "."). allegedly sent on 25 February 2023. Without conducting any forensic examination or trace of the signal, the Pocatello Police Officer stated that it was citing Andrew with a No-Contact Order Violation (in Case No. CR03-23-02304). Unbeknownst to Andrew, it became apparent that Defendant had concealed one of Andrew's iPads at the time he separated with Defendant. When Andrew last saw the iPad, the device was located at the Parties' former residence (Defendant's current residence) prior to their separation was logged into the same iCloud/Apple ID account from which the period mark was transmitted. Andrew did not attempt to send any message to Defendant. Andrew cooperated fully with the Pocatello Police Department. On or about 25 April 2023 this

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 18

alleged violation was dismissed by Judge Jarmen. A true and correct copy of the Order dismissing the alleged violation is attached and incorporated hereto as "Exhibit 13."

41.     On or about 7 March 2023, Defendant's mother, Pam Sanders, called Andrew and left him a voicemail. In the voicemail she asked Andrew if it is "ok" for her to assist in selling a 2022 Cougar Keystone camping trailer that the parties purchased during the time they were married. She also stated that (if it is "ok") she would need a key and requested Andrew to drop off his set of keys next time he travels to Idaho, notwithstanding the fact that Defendant also has a set of keys she could provide her own mother. Not wishing to engage in any impropriety (even indirect contact) under the No-Contact Order, Andrew referred the matter to his legal counsel, who notified Defendant's mother that all communications should be directed through their [counsel's] office.

42.     Between 11 March 2023 and 13 March 2023, the undersigned counsel contacted Defendant in writing after Andrew became aware that she [Defendant] was attempting to sell a camper purchased jointly during the Parties' (now annulled) marriage. In response, Defendant notified the undersigned counsel that she wanted to have contact with Andrew. In reply, the undersigned counsel notified her that no such contact was appropriate or legal as there was a No Contact Order in place relating to the Idaho Criminal Matter. Defendant then stopped communicating with the undersigned counsel. A true and correct copy of the full exchange of correspondence between the undersigned counsel and Defendant is attached and incorporated hereto as "Exhibit 14."

43.     On or about 11 March 2023, Defendant contacted Ms. White, asking her to have Andrew contact her by calling or text, and stating that she was "ok" with Andrew reaching out to her.  Andrew was not legally allowed to have any contact with the Defendant because of the No Contact Order.  Andrew has honored the Order without exception and in the face of multiple

(transparent) attempts at ensnaring Andrew into violating that Order. **Contrary to Defendant's loud and insistent complaints that Andrew has been harassing her family, the only party attempting to communicate is Defendant herself**.

### III.
### FIRST CAUSE OF ACTION
### [Defamation *Per Se*]

44.    Andrew restates and realleges the preceding paragraphs as though fully set forth herein and further alleges:

45.    As alleged in the foregoing paragraphs, specifically, 8-9, and 16-27, Defendant made a series of publications in writing regarding Andrew. These publications were in the form of telephonic communication, text messages, and other communication with third parties. The content of these publications, inter alia, included heavy emphasis on allegations that Andrew suffered from various mental health conditions. Upon information and belief, Defendant has made multiple verbal publications of materially false statements, constituting *per se* slander.

46.    Defendant's publications regarding Defendant—including (without limitation) those allegations that Andrew suffers from mental illnesses and the accusations that Andrew was threatening her and her family—were false. Defendant made these publications with full knowledge that they are false.

47.    Apart from the being knowingly false, Defendant's publications were wrongfully motivated by anger, a desire for revenge or an improper attempt to assert herself into a position of control after her attempts to continue extorting money from Andrew had ceased to be effective. As such, these publications were made intentionally, with malice, and/or a reckless disregard for their falsity.

48.     Defendant's allegations regarding Andrew's mental health fall within the definition of *per se* defamation under Idaho law. *See, e.g., Yoakum v. Hartford Fire Ins. Co.,* 129 Idaho 171, 923 P.2d 416, 425 (1996).

49.     Because Defendant's communications were *per se* defamatory, Andrew has no obligation to prove damages, as such damages are presumed. Andrew is therefore entitled to an award of general damages.

50.     Moreover, due to the malicious, reckless and intentional nature of Defendant's publication of these defamatory communications, Andrew is entitled to exemplary and/or punitive damages.

## IV.
## SECOND CAUSE OF ACTION
### [Petition for Writ of Mandamus Under 28 U.S.C. § 1361, Directing Felony Prosecution of Defendant With Intentional Interference With Child Custody]

Federal Law Basis for Issuance

51.     Andrew restates and realleges the preceding paragraphs as though fully set forth herein and further alleges:

52.     This Court has original jurisdiction to issue writs of mandamus under 28 U.S.C. § 1361. This jurisdiction may be exercised to compel an officer or employee of the United States or any agency thereto to perform their duties.

53.     Under Idaho Code § 18-4506 and Utah Code Section 76-5-303, inter alia, it is a crime for an individual to interfere with the parental custodial rights of a third-party.

54.     Defendant and Ms. White have been in constant communication since November 2022.

55.     Defendant has interfered with Andrew's custodial rights. As alleged in great specificity in Paragraphs 28 through 35 hereof [*see supra*], Defendant and Ms. White have actively

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 21

conspired to obstruct and keep Andrew from exercising his parental rights through the filing of three frivolous child protection and no-contact order petitions in the State of Utah. Defendant's participation in this illegal conduct consists of providing tacit and explicit encouragement to Ms. White, submitting sworn statements in support of Ms. White's frivolous child protection petitions, and announcing her desire and intentions to see Andrew stripped of custody rights to his children without cause.

56.     Defendant, as an Idaho resident, is subject to the jurisdiction of this Court and the State Courts of the Sixth Judicial District for the State of Idaho, in and for the County of Bannock. Moreover, should Andrew name Ms. White as a party to this action, this Court will have jurisdiction over the conspiratorial relationship contrived and executed both within this judicial district and in the neighboring federal district in Utah.

57.     A writ of mandamus must issue in all cases where no plain, speedy, and adequate remedy exists in the ordinary course of law.

58.     The bases for directing the issuance of a writ of mandamus exist in that this Court is properly empowered to issue an order to the United States Attorney for this District to exercise its prosecutorial powers against Defendant and Ms. White.

<u>State Law Basis for Issuance</u>

59.     Andrew restates and realleges the preceding paragraphs as though fully set forth herein and further alleges:

60.     Although this Court cannot utilize its federal mandate powers to compel action by a state actor, this Court has pendent jurisdiction over Andrew's claims under Idaho law. In the alternative, Andrew therefore seeks issuance of a writ of mandate as authorized by Idaho Code § 7-302.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 22

61.     Idaho Code § 7-302 authorizes a district court to issue a writ of mandate to any corporation to compel the performance of an act that the party has a duty to perform. A writ of mandamus will issue "where there is a clear legal right to the relief sought and a clear duty of performance on the one whom it is sought to compel to act." *Silver Bowl, Inc. v. Equity Metals, Inc.*, 93 Idaho 487, 490, 464 P.2d 926, 929 (1970).

62.     Defendant, as an Idaho resident, is subject to the jurisdiction of this Court and the State Courts of the Sixth Judicial District for the State of Idaho, in and for the County of Bannock. If the Pocatello Police Department and the Bannock County Prosecutor are willing to lower prosecutorial misconduct to new levels of absurdity by attempting to cite Andrew for violation of the No-Contact Order based on uninvestigated transmission of a single punctuation mark, Defendant's actual criminal conduct demands the proper application of prosecutorial powers.

63.     A writ of mandamus must issue in all cases where no plain, speedy, and adequate remedy exists in the ordinary course of law.

64.     The bases for directing the issuance of a writ of mandamus exist in that this Court has pendent jurisdiction over the other related claims against Defendant and the full force and effect of this Court's authority is properly imposed upon the appropriate state law enforcement agencies to prosecute Defendant.

65.     A writ of mandamus must issue from this Court, directing either the United States Attorney for the District of Idaho or the Prosecuting Attorney for the County of Bannock to issue a felony indictment against Defendant for violation of the provisions of Idaho Code § 18-4506.

## V.
## THIRD CAUSE OF ACTION
### [Abuse of Process]

66.     Andrew restates and realleges the preceding paragraphs as though fully set forth herein and further alleges:

67.     The actions alleged above constitute a misuse of the judicial process in both the District Courts for the States of Idaho and Utah. Defendant is responsible for instigating or soliciting others (namely Ms. White to file frivolous petitions relating to child protection out of personal animus, making false statements under oath and thereby perjuring themselves, and engaging in the asinine practice of advertising their conduct in written publications to third parties.

68.     Defendant's misuse of the judicial process as a forum for venting her rage toward Andrew for the loss of control over him and loss of access to the money she had previously extorted from him provides the factual support of her base nature and propensity for dishonesty.

69.     Defendant's dishonesty has given rise to of which the abuses of the judicial process are a manifestation. The material misrepresentations made under oath by Defendant in each proceeding and her subsequent abuse of the Pocatello Police Department's authority are, upon information and belief, the product of an intentional, malicious and reckless disregard for the requirements of truthful disclosure and a (shocking) disregard for the potential consequences.

70.     Defendant's actions included the instigation, support, facilitation and participation in the judicial processes identified above, including (without limitation) the Idaho matters described at Paragraphs 26 through 28 of this Complaint, and the Utah matters described at Paragraphs 28 through 35. *See supra*.

71.     Abuse of process is unlawful under the laws of the State of Idaho and is actionable through civil proceedings under this Court's pendent jurisdiction.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 24

72.     Andrew has been injured in an amount including the expenditure of legal fees, costs and disbursements required to defend against the frivolous claims giving rise to this cause of action.

73.     Defendant's conduct was intentional, malicious and intended to cause harm without any basis in law or fact. Accordingly, Andrew is entitled to an award of exemplary and/or punitive damages to punish and deter the conduct identified above.

## VI.
## FOURTH CAUSE OF ACTION
## [Declaratory Relief Under 28 U.S.C. §§ 2201-2202]

74.     Andrew restates and realleges the preceding paragraphs as though fully set forth herein and further alleges:

75.     A genuine dispute has arisen between the Parties.

76.     A judicial declaration is necessary and proper to confirm the illegality of Defendant's conduct and, by extension, the propriety of the Court's issuance of the writ of mandamus as requested herein and (if necessary) any separate state court action to compel the prosecution of Defendant.

77.     Andrew is likely to succeed on the merits of his claims.

78.     Defendant has vented her scorn and desperation upon Andrew as illustrated in detail above. This lawsuit is the result of conduct instigated by Defendant for improper and twisted reasons that defy conventional understanding. However, the manifestation of that conduct in the form of abuses of the judicial process in both Idaho and Utah make a judicial declaration necessary and appropriate.

## VII.
## ATTORNEY FEES AND COSTS

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 25

79.     In actions before this Honorable Court that are based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 and which involve the application of state substantive law, awards of attorney's fees are similarly governed by state law. *See Interform Co. v. Mitchell,* 575 F.2d 1270, 1280 (9th Cir. 1978). Andrew is therefore entitled to an award of reasonable attorneys' fees, costs, and disbursements incurred in this matter against Defendant pursuant to Idaho state law. This includes, inter alia, the "prevailing party" provisions of Idaho Code § 12-121 and Idaho Rule of Civil Procedure 54(e).

## VIII.
## PRAYER FOR RELIEF

**WHEREFORE**, Andrew prays for relief as follows:

1.     For issuance of a writ of mandamus directing the United States Attorney to initiate criminal prosecution against, inter alia, Defendant for interference with child custody and perjury.

2.     For entry of a declaratory judgment against Defendant in Andrew's favor, Defendant for interference with child custody and perjury.

3.     For an award of general damages.

4.     For an award of exemplary and/or punitive damages due to Defendant's malicious, vexatious, intentionally harmful, and/or reckless conduct

5.     For an award of Andrew 's attorneys' fees, costs and disbursements incurred in this action under all applicable provisions of Idaho law, including (without limitation) Idaho Code §§ 12-120 and 12-121.; and

6.     For such other and further relief as this Honorable Court may deem just and proper.

## IX.
## DEMAND FOR JURY TRIAL

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF** – Page 26

Andrew hereby requests a jury trial on all causes of action that are triable to a jury.

DATED:        25 April 2023                    Respectfully Submitted,

                                              For ROSA PLLC:


                                              /s/ Angelo L. Rosa, Esq._____ ____
                                              Angelo L. Rosa
                                              Attorney for Plaintiff

                                              ANDREW R. GRIMSHAW

**EXHIBIT 1**
**TO**
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY**
**TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING**
**CRIMINAL PROSECUTION; AND REQUEST FOR**
**DECLARATORY RELIEF**

I'll be there at <u>5:30</u>

I'm on the phone w police

Just getting my stuff

At <u>5:30</u>

Tonight

An officer will be calling u

Thank u

See u at <u>5:30</u>

Tell them to call dispatch

Better have my money

Or I will change the annulment to a divorce and karma will win

Is the officer calling?

My attorney said if you don't pay up now for your bill- it's gonna cost you a lot more in court.  So he recommended being civil.  I'll be civil but I want the money you owe me

**<u>EXHIBIT 2</u>**
**TO**
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY**
**TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING**
**CRIMINAL PROSECUTION; AND REQUEST FOR**
**DECLARATORY RELIEF**

Sat, Jan 28, 4:05 PM

I'm your potential ex wife eh?

No Melissa is going crazy

U knew where it came from

Did u say that to her?

Yes

I don't want to end this on a bad note.  I won't touch your camera stuff.  I just need to cool down

Enjoy ur kids and we can discuss this when u get home

Thank you

Yw

Sat, Jan 28, 5:50 PM

What time are you coming back?

I was going to drop off the kids around 6:30 and head home

R u busy?

No

Sat, Jan 28, 8:34 PM

Dropped off the kids and heading home

Ok

Want to talk?

In a few

Ok

Read 1/28/23

**<u>EXHIBIT 3</u>**
**TO**
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY
TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING
CRIMINAL PROSECUTION; AND REQUEST FOR
DECLARATORY RELIEF**

Filed: 02/01/2023 16:23:17
Sixth Judicial District, Bannock County
Jason Dixon, Clerk of the Court
By: Deputy Clerk - Sanada, Monica

## IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF THE
## STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK

| | |
|---|---|
| STATE OF IDAHO<br>Plaintiff,<br><br>v.<br><br>ANDREW RANDOLPH GRIMSHAW<br>Defendant. | Case No. CR03-23-00961<br><br>No Contact Order I.C. 18-920 - I.C.R. 46.2<br><br>☒ Original ☐ Amended<br><br>DR#  __UT 167734182_____<br>Law enforcement agency:  Pocatello Police Department<br><br>Expires at 11:59 p.m. on _February 1, 2024___ or upon<br>dismissal of this case, whichever occurs first |

**Defendant's Identifiers:**

D.O.B.: 03/14/1985 Gender: Male Race: _____

Protected Person(s) Identifiers: _____

Breanne Birch
Name (First, Middle, Last)                          Date of Birth (optional)

Name (First, Middle, Last)                          Date of Birth (optional)

Name (First, Middle, Last)                          Date of Birth (optional)

Name (First, Middle, Last)                          Date of Birth (optional)

TO THE DEFENDANT: You have been charged with or convicted of the following crime(s):

| Count | Statute | Charge Description |
|---|---|---|
| 1 | I18-918(3)(b) {M} | BATTERY-DOMESTIC VIOLENCE WITHOUT TRAUMATIC INJURY AGAINST A HOUSEHOLD MEMBER |

Relationship to protected person(s), if any: _____

This COURT, having personal and subject matter jurisdiction, finds that a No Contact Order is appropriate and HEREBY ORDERS THAT, with regard to the protected person(s) named above, YOU must not engage in any of the following conduct:

[01] Do not contact or attempt to contact, either personally or through another person, the protected person(s) named above in any manner, including: 1) do not communicate in person or in writing or through any electronic means, including telephone, email, text, through social networking, or facsimile 2) do not harass, stalk, threaten, use, attempt to use or threaten use of physical force, engage in any other conduct that would place the protected person(s) in reasonable fear of bodily injury 3) do not knowingly remain within 300 feet of the protected person(s). However, you may attend court proceedings involving you and the protected person(s), and you may communicate through attorneys about legal issues involving you and the protected person. 4) do not go within and/or knowingly remain within 300 feet of the following address(es):

Protected person's home: ▮▮▮ Pocatello, ID 83201, ▮▮▮▮ Pocatello, ID

[04]

Protected person's workplace: _____

Protected person's school: ▮▮▮ Pocatello, ID 83201 and ▮▮ ▮▮, Pocatello, ID 83201).



[05] &#x2612; **THERE ARE NO EXCEPTIONS TO THE ABOVE ORDER**
&#x2610; **THERE ARE EXCEPTIONS TO THE ORDER ABOVE AS FOLLOWS**:
&#x2610; to contact by telephone between _____ _____.M. and _____ _____.M.
for the following purposes: _____
&#x2610; to participate in court ordered mediation
&#x2610; to provide for the exchange of children between the protected person and Defendant through:
_____
&#x2610; to retrieve personal necessities from the residence/protected address one time through:
_____
&#x2610; to respond to emergencies involving your natural or adopted children
&#x2610; other: _____

[03] &#x2612; IF THIS ORDER REQUIRES YOU TO LEAVE A RESIDENCE SHARED WITH THE PROTECTED PERSON, you may contact a law enforcement officer who may make arrangements to accompany you to the residence to remove items and tools necessary for employment and personal belongings. The officer may determine what constitutes necessary personal belongings.

Yes &#x2610; No &#x2612; Defendant appeared or had actual notice of this hearing and the opportunity to participate. If NO, then upon service, Defendant is notified of the right to request a hearing before a judge on this Order. The request must be filed within 7 days of service. To request a hearing you must contact the clerk of the court at (address) 624 E. Center  Pocatello ID  83201 (phone) (208)236-7207. The Court must hold a hearing within 14 days of the filing of the request and must provide notice of the hearing to the protected person and the parties.

*A violation of this order is a separate crime under Idaho Code § 18-920*, for which no bail will be set until you appear before a judge.  The maximum penalty for a violation of this Order is one year in jail and/or up to a $1000 fine.  However, if the violation is a third offense, the violation is a felony, which is punishable by imprisonment in the state prison for up to five years and/or up to a $5000 fine. *If any other Civil Protection Order or Criminal No Contact Order is in place, you must abide by the terms in the most restrictive order.* Dismissal of any other order will not result in a dismissal of this Order. ONLY A JUDGE CAN MODIFY THIS NO CONTACT ORDER.

The court clerk must immediately send a copy of this Order to the Sheriff's Office in the county in which this Order was originally issued for entry into record systems.

**IT IS SO ORDERED.**

Dated: **2/1/2023 4:26:59 PM**          *Carol Tippi Jarman*
                                         Carol Tippi Jarman

---

**WARNINGS:** As a result of this Order, it may be unlawful for you to purchase or possess a firearm, including a rifle, pistol, or revolver, or ammunition pursuant to federal law under 18 U.S.C. § 922(g)(8) . If you have any questions whether these laws make it illegal for you to possess or purchase a firearm, you should consult an attorney.

This Order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction (18 U.S.C. § 2265).

---

I, the Defendant named above, acknowledge receipt of this Order.

Defendant Signature: _____     Date Signed: _____

Served by: _____     Law Enforcement Id. #: _____     Date Served: _____     Time: _____

&#x2612; **File**          &#x2612; **Sheriff's Office**          &#x2612; **Prosecutor**          &#x2612; **Defense Attorney**

&#x2612; **Protected person(s)**          &#x2612; **Protected person(s) via prosecuting attorney**



**<u>EXHIBIT 4</u>**
**TO**
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY**
**TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING**
**CRIMINAL PROSECUTION; AND REQUEST FOR**
**DECLARATORY RELIEF**

2/15/2023   1408

BH315

Filed: 02/01/2023 15:54:38
Sixth Judicial District, Bannock County
Jason Dixon, Clerk of the Court
By: Deputy Clerk - Sanada, Monica

# Protection Order

☒ Temporary Ex Parte Order and Notice of Hearing ☐ Amended
☒ Domestic Violence (I.C. § 39-6304)
☐ Stalking and/or Threats (I.C. § 18-7907)

Case No: **CV03-23-00373**
Court: **Sixth** Judicial District
County: **Bannock**
State: Idaho

| PETITIONER | | |
|---|---|---|
| Breanne | Marie | Birch |
| First | Middle | Last |

**PROTECTED PERSON(S):**
☒ Petitioner
☒ Minor family member(s): **(list name and DOB)**

Name: ▇▇▇ DOB: ▇▇
Name: ▇▇▇ DOB: ▇▇
Name: DOB: ▇▇

### PETITIONER IDENTIFIERS

▇▇▇▇▇▇

**Date of Birth (DOB) of Petitioner**
☐ Family, household member(s), or other Protected Person(s): **(list name and DOB)**

Name: _____ DOB: _____
Name: _____ DOB: _____

| RESPONDENT | | |
|---|---|---|
| Andrew | Randolph | Grimshaw |
| First | Middle | Last |

☐ Respondent is a **MINOR**-parent or legal guardian
MUST be served. Name: _____

▇▇▇▇
Respondent's Address

Relationship to Protected Person(s):
Check all that apply
☐ spouse;          ☒ former spouse;
☐ residing together;   ☒ previously resided together;
☐ child in common;   ☒ intimate partner;
☐ parent;          ☐ related by blood, adoption or marriage;
☐ are in, or        ☐ have been in, a dating relationship;
☐ other: _____.

### RESPONDENT IDENTIFIERS

| SEX | RACE | DOB | HT | WT |
|---|---|---|---|---|
| Male | | ▇▇5▇ | | |

| EYES | HAIR | DISTINGUISHING FEATURES |
|---|---|---|
| | | |

| DRIVERS LICENSE # | STATE |
|---|---|
| | |

**CAUTION:** ☐ Weapon Alleged to be Involved.

**This order shall be effective until** | February 14 | 2023 | at 11:59 P.M. /unless terminated
earlier by **another court order.**
If the Respondent does not appear at the hearing date listed on the last page of this order, a longer protection order may be issued against the Respondent. If the Petitioner fails to appear, the petition may be dismissed.

**WARNINGS:** This order meets all "full faith and credit" requirements of the VAWA, 18 U.S.C. § 2265 (1994) upon notice of the Respondent. This court has jurisdiction over the parties and the subject matter; the Respondent has been or will be afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. This order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.

As a result of this order, it may be unlawful for you to purchase or possess a firearm, including a rifle, pistol, or revolver, or ammunition pursuant to federal law under 18 U.S.C. § 922(g)(8). If you have any questions whether these laws make it illegal for you to possess or purchase a firearm, you should consult an attorney.

Violation of any provision of this order by the Respondent, after actual notice of its terms, is a misdemeanor and may result in arrest and sentencing for up to one year in jail and a $5,000 fine, even if the Protected Person consents to the violation. **Only the Court can change this order.**

**THE COURT ORDERS:**

1. **Personal Conduct Order**.
   The Respondent shall not contact or attempt to contact the Protected Person(s) in any manner, including in person or through another person, or in writing or through any electronic means, including telephone, email, text, through social networking, or facsimile. The Respondent shall not harass, stalk, threaten; use, attempt to use or threaten use of physical force; or engage in any other conduct that would place the Protected Person(s) in reasonable fear of bodily injury. However, the Respondent may participate in legal proceedings involving the Protected Person(s) and may communicate through attorneys about legal issues involving the Protected Person(s).

   **PROTECTED PERSON(S) LISTED ON THE FIRST PAGE OF THIS ORDER:**
   [01] ☒ Petitioner
   [01] ☒ Minor family member(s)

   [02] ☐ Family or other household member(s)
   [02] ☐ Other Protected Person(s)

   [05] ☒ **THERE ARE NO EXCEPTIONS TO THIS ORDER.**

   ☐ **THERE ARE EXCEPTIONS ORDERED AS FOLLOWS:**
   ☐ contact by telephone/electronic means to arrange visitation of the child(ren)
   ☐ contact by telephone/electronic means between _____.m. and _____.m. on _____
   _____ for the following purposes: _____
   ☐ to participate in court ordered mediation
   ☐ to respond to an emergency involving your natural or adopted child(ren)
   ☐ other: _____

2. **Stay-Away Order**.

   Respondent shall not, **EVEN IF INVITED BY THE PROTECTED PERSON(S)**: knowingly remain

   within <u>300</u> feet of the Protected Person(s), or

   ☒ go within <u>300</u> feet of:

   ☒ Protected Person's residence at ▉▉▉▉▉▉▉ Pocatello, ID 83201 _____

   [04] ☐ Protected Person's school campus or work place at _____

   ☒ Protected Person's child(ren)'s school campus or work place at _____ ▉▉▉▉▉▉▉,
   Pocatello, 83201; ▉▉▉▉▉▉ Pocatello, 83201 -- ▉▉▉▉▉▉▉
   Pocatello, ID 83201-▉▉▉▉▉▉
   ☐ Other: _____
   _____

3. **Move-out Order and Law enforcement assistance**. ☒ Does Not Apply
   [03] ☐ Respondent is ordered to move from the residence at _____

   _____ immediately upon service of this order and take from the residence only items
   needed for employment and necessary personal effects (at peace officer's discretion).

**Law enforcement officers are ordered to:**

☐ Remove the Respondent from the residence listed above upon service of this order.

☐ Place the Protected Person in possession of the residence at _____

_____

☐ Supervise the removal of ☐ Protected Person's ☐ Respondent's items needed for employment and necessary personal effects (at peace officer's discretion) from the residence.

Peace officers are instructed to enforce this Court order by all necessary means, including arrest.

4. **Child custody**. ☒ Does Not Apply

[09]   ☐ Respondent shall NOT have the child(ren) until further order of the Court

**OR**

Custody of the minor child(ren) is awarded:

[06]   ☐ as provided in the existing child custody order/divorce decree (Case #, County, Judge, Date Entered):

_____

☐ as follows:

| Name of Child   (first, middle initial, last) | Birth Date | Sex | Custody Awarded To |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

☐ Protected Person ☐ Respondent

☐ shall have the child(ren) as follows *(list days, times and conditions)*: _____

_____

_____

☐ supervised by: _____

☐ neutral drop off/pick up location: _____

☐ child(ren) to be transported by: _____

☐ Neither party shall remove the child(ren) from _____

☐ Other: _____

_____

5. **Conflicting Orders**.

If any term of another civil or criminal order conflicts with any term of this order, you must follow the more restrictive term. Dismissal of any other order will not result in a dismissal of this order.

6. **Other**:

[07]   _____

[08]   _____

7. **Order to clerk**.

It is further ordered that the clerk of the court shall forward a copy of this order to the Sheriff's Office in the county in which this order was originally issued, or ☒ Bannock County Sheriff, for immediate entry into record systems and to facilitate service in the jurisdiction in which the Respondent resides, if not previously served. The clerk shall deliver or mail a copy of this order to the Petitioner.

## NOTICE OF HEARING

A hearing to decide whether a longer Protection Order will be issued will be held:

**Date:** 02/14/2023                    **Time:** 01:30 PM

Before Judge: Carol Tippi Jarman

☐ At the Bannock County Courthouse, 624 E. Center  Pocatello ID  83201.

☒ By Remote Hearing. See Notice of Remote Hearing.

**WARNING:** If the Respondent does not appear at the hearing, a longer protection order may be issued against the Respondent. If the Petitioner fails to appear, the petition may be dismissed.

Dated:  **2/1/2023 2:55:09 PM**                    Signed: _Carol Tippi Jarman_
                                                            Judge Carol Tippi Jarman

NOTICE:

It is a misdemeanor under Idaho Code § 39-6312 for the Respondent, after notice of this order, to violate the provisions of this order. Further, it is a crime under Idaho Code § 18-204 for any person to aid and abet a crime, or, not being present, to advise and encourage a crime. In addition, under Idaho Code § 18-304, any person who counsels, aids, solicits or incites another to commit a misdemeanor is guilty of a misdemeanor.  Therefore, it may be a crime for any person to encourage or invite contact between the Respondent and the Petitioner, except such contact as is expressly permitted by the above order.

I have received a copy of this order ☐ and agree to receive copies of future service by certified mail.

Signed: _____          Date: _____
            Petitioner

I have received a copy of this order ☐ and agree to receive copies of future service by certified mail.

Signed: _____          Date: _____
            Respondent

**ATTENTION:** Keep a copy of this order in your possession at all times in order to assist peace officers. Immediately report any violation of this order to law enforcement.

Filed: 02/14/2023 14:50:05
Sixth Judicial District, Bannock County
Jason Dixon, Clerk of the Court
By: Deputy Clerk - Sanada, Monica

IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK
MAGISTRATE DIVISION

Breanne Birch
   Petitioner,

vs

Andrew Grimshaw
   Respondent.

Case No. CV03-23-00373

Reissuance of Temporary
Protection Order and
Notice of Hearing

The Court having found that the Temporary Protection Order entered in this case on February 01, 2023 should be reissued, IT IS ORDERED the Temporary Protection Order, is reissued and extended until 11:59 P.M. on <u>February 28</u> 2023. All portions of the Temporary Protection Order remain in effect, except: _____

## NOTICE OF HEARING

A hearing to decide whether a longer Protection Order will be issued will be held:

Date: <u>02/28/2023</u> Time: <u>1:30 PM</u>

Before Judge: <u>Carol Tippi Jarman</u>

☐ At the <u>Bannock</u> County Courthouse, (Address): 624 E. Center  Pocatello ID  83201.

☒ By Remote Hearing. See Notice of Remote Hearing.

If the Respondent does not appear at the hearing, a longer protection order may be issued against the Respondent. If the Petitioner does not appear, the petition may be dismissed.

The Clerk of the Court shall forward a copy of this Order, with copies of the Petition and the Temporary Protection Order for service, as specified in the Temporary Protection Order.

Dated: <u>2/14/2023 2:39:35 PM</u>     *Carol Tippi Jarman*
                   Judge Carol Tippi Jarman

I have received a copy of this order ☒ and agree to receive future service by certified mail.

Signed: <u>Email Petitioner</u>       Date: <u>2/14/2023</u>
            Petitioner

I have received a copy of this order ☐ and agree to receive future service by certified mail.

Signed: <u>Fwd to Law Enforcement for Service</u>   Date: <u>2/14/2023</u>

**Filed:** 02/14/2023 at 2:54 PM.
Sixth Judicial District, Bannock County
Jason Dixon, Clerk of the Court
By: *Monica Sanada*, Deputy Clerk

IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK

Breanne Birch
   Petitioner,

vs

Andrew Grimshaw
   Respondent.

Case No. CV03-23-00373

Notice of Remote Hearing

**NOTICE IS GIVEN** That the above-entitled case is set for:

| Hearing Type | Date | Time | Judge |
|---|---|---|---|
| Protection Order Hearing | 02/28/2023 | 01:30 PM | Carol Tippi Jarman |

The Protection Order Hearing will take place remotely through **VIDEO CONFERENCE**.

| How to attend: | |
|---|---|
| **Online:** https://zoom.us/join | Meeting ID: 278 408 7407 Passcode: 190401 |

If you are unable to access this remote hearing, then you <u>must</u> contact the Bannock County Courthouse at (208) 236-7272 immediately. You may also call this number if you require accommodations.

For a list of best practices and technical information about remote hearings, please go to https://isc.idaho.gov/isc-zoom.

Jason Dixon
Clerk of the Court

Dated: 02/14/2023

By: *Monica Sanada*
Deputy Clerk

## CERTIFICATE OF SERVICE

I certify that on this date I served a copy of the attached to:

Breanne Marie Birch        (E-mail)

[X] By E-mail   [ ] By mail
[ ] By fax (number)
[ ] By overnight delivery / FedEx
[ ] By personal delivery

Andrew Randolph Grimshaw    (E-mail)

[ ] By E-mail   [ ] By mail
[ ] By fax (number)
[ ] By overnight delivery / FedEx
[X] By personal delivery by law
enforcement agency

Jason Dixon
Clerk of the Court

Dated: 02/14/2023

By: *Monica Sanada*
Deputy Clerk

Electronically Filed
2/1/2023 1:10 PM
Sixth Judicial District, Bannock County
Jason Dixon, Clerk of the Court
By: Nicole Deloach, Deputy Clerk

☐ No address, email and telephone are given because I do not want my information on this petition.

**Breanne M Birch**
Full Name of Party Filing Document

█████
Mailing Address (Street or Post Office Box)

**Pocatello, ID 83201**
City, State and Zip Code

█████
Telephone

█████
Email Address (if any)

IN THE DISTRICT COURT FOR THE **SIXTH** JUDICIAL DISTRICT

FOR THE STATE OF IDAHO, IN AND FOR THE COUNTY OF **BANNOCK**

MAGISTRATE DIVISION

| | |
|---|---|
| **Breanne M Birch** , <br> Petitioner <br> (Person Seeking Protection Order), <br><br> vs. <br><br> **Andrew Randolph Grimshaw** , <br> Respondent <br> (Person You Want Restrained) | Case No. CV03-23-00373 <br><br> **SWORN PETITION FOR PROTECTION ORDER** <br><br> Select: <br> ☒ Domestic Violence (I.C. § 39-6304) <br><br> ☒ Stalking and/or Threats (I.C. § 18-7907) |

**THE LAW REQUIRES THAT THE RESPONDENT BE GIVEN A COPY OF THIS COMPLETED FORM AND ALL ATTACHMENTS.**

1. **Protected Person(s).** I am seeking a protection order for:

   ☒ Myself.

   ☒ The following minor child/ren (first and last names):
   R████ BIRCH, D████ BIRCH, K████ BIRCH

   My relationship to child/ren is: ☒ Custodial parent ☐ Non-custodial parent ☐ Guardian

   ☐ The following family or household member (first and last names):

2. **Relationships.** Please check <u>all that apply</u> to the relationship between Respondent (person you want restrained) and you or the person(s) for whom you are seeking protection.

☐ spouse

☒ former spouse, state and county where divorce was filed: **Bannock, ID** _____

☐ residing together

☒ previously resided together, we last resided together on (date) **1/27/2023** _____

☐ child in common

☒ intimate partner

☐ parent

☐ related by blood, adoption or marriage, Relationship: _____

☐ are dating, or ☐ previously dated and our last date was (date) _____

    **If a dating relationship please describe:** (complete for adult or minor):

    Length of time of the dating relationship _____

    Time since the relationship ended _____

☐ Other, Explain:

3. **Residence.**

☒ I live or am staying in **Bannock** _____ County, Idaho.  Respondent lives in

    **unkn** _____ County, State of **UT** _____.

☒ Respondent does not live with me.

☐ I live with Respondent at:

_____

Our home is rented or owned ☐ by both of us ☐ by me ☐ by Respondent.

☐ I have left the residence where I lived with Respondent. I want to return ☐ yes ☐ no.

    **If yes,** ☐ to live ☐ to get personal belongings ☐ other:

☐ A business is run from the home.  Type of business:

_____

The business is run ☐ by me ☐ by Respondent ☐ by both of us.

## 4. Child/ren affected by the protection order.

I am the natural/adoptive parent or legal guardian of the following child/ren:

| Name (First, Middle Initial, Last) | Birth Date | Sex | How Child is Related to: Petitioner | Respondent | State(s) where child lived last 6 months |
|---|---|---|---|---|---|
| ██████████ | ████ | █ | Child | Step-Child | ID |
| ██████████ | ████ | █ | Child | Step-Child | ID |
| ██████████ | ████ | █ | Child | Step-Child | ID |
| | | | | | |

During the last six (6) months the child/ren have lived with:
**MYSELF AND THEIR FATHER (GREG BIRCH)**

## 5. Other court cases.
List any pending court cases between you and Respondent and any other court cases or court orders relating to the minor child/ren who will be affected by this protection order (divorce, custody, child protection, guardianship, adoption, protection order, criminal, no contact order, etc.)

_____

_____

_____

_____

**Domestic Violence / Protection Order - Bannock, ID - CR03-23-00961**

_____

_____

_____

☐ I have applied for a protection order(s) before in the county of _____

on (date) _____, against (name) _____

☐ Respondent has applied for a protection order(s) before in the county of _____

on (date) _____, against (name) _____

☐ Respondent has been involved in crimes involving violence, child abuse, weapons, drugs or alcohol.  (If checked, please describe the charges to the best of your knowledge, when and where they were filed, and any convictions)
**1/28/23  DOMESTIC BATTERY**
**NOT SURE OF YEAR BUT EX WIFE FILED DOMESTIC BATTERY IN RENO, NV**
**OVER 5 YEARS AGO**

☐ I have been involved in crimes involving violence, child abuse, weapons, drugs or alcohol.  (If checked, please describe what the charges were, when and where they were filed and convictions)

## 6. I am filing for a protection order for: (check all that apply)

### ☒ Domestic Violence

**Definition:** Physical injury, sexual abuse or forced imprisonment or threat thereof of a family or household member, or of a minor child by a person with whom the minor child has had or is having a dating relationship, or of an adult by a person with whom the adult has had or is having a dating relationship.

### ☒ Stalking

**Definition:** Repeated acts, of nonconsensual contact that alarms, annoys, or harasses you, causing you emotional distress, fear of death, physical injury or fear of death or physical injury of a family or household member.  The recent act must have occurred within the last 90 days.

### ☐ Telephone Threats

**Definition:** The use of a telephone with the intent to terrify, threaten, or intimidate and threatens to inflict injury or physical harm against you or a family member. The conduct must have occurred within the last 90 days.

### ☐ Threats Based on Race, Color, Religion, Ancestry or National Origin

**Definition:**  Based upon your race, color, religion, ancestry, or national origin, Respondent intimidates or harasses you or causes, or threatens to cause, physical injury to you or damage to your personal property. The conduct must have occurred within the last 90 days.

**Describe the most recent acts and/or threats committed by Respondent.**

When? (date and time)

**01/28/23  AROUND 2300 HOURS**

Where did this occur or where were you?
**MY HOUSE/** ███████████

Who was present? (minor children, friends, family, etc.)
**MYSELF AND HAD HIS EX-WIFE ON THE PHONE**

Describe in detail the series of or recent acts or threats and describe how you were contacted (e.g. phone, email, social media). If you include attachments, please explain how your attachments are related to the acts or threats:
**See Document Attached for Paragraph 6:  Most Recent Acts or Threats**

Describe any injuries:
**NO INJURIES**

Was a weapon involved? ☒ No ☐ Yes

If so, what and how?

Is there anything else you want the judge to know about what happened?
**Our marriage was annulled after 5 months in December 2022 because of his mental illness and fraudulent character.**

Describe past acts or threats including dates:
**See Document Attached for Paragraph 6:  Past Acts or Threats**

**7.** I ask the Court to order the following:

**a. Personal Conduct Order.**

Respondent shall not contact or attempt to contact the protected person(s) identified in Section 1 of this petition, in any manner, including in person or through another person, or in writing or through any electronic means, including telephone, email, text, through social networking, or facsimile. Respondent shall not harass; stalk; threaten; use, attempt to use or threaten use of physical force; or engage in any other conduct that would place the protected person(s) in reasonable fear of bodily injury.

**b. Stay Away Order.**

i.   Respondent shall at all times stay away from:

☒ My residence at:
                  **Pocatello, ID 83201**

☐ **No address is given because I do not want my address on this petition.**

☐ Protected Minor's residence at: _____

☐ My workplace and/or school at:

_____

☐ Protected Minor's workplace and/or school at: _____

☒ My child/ren's school and/or childcare at:
           **Pocatello, 83201  - My residence**
             **Pocatello, 83201 - My children's father's residence**
       **, Pocatello, 83201  --**

☐ Other:

ii.   Are any of these addresses within 1,500 feet of where <u>Respondent</u> lives, works, or attends school? ☒ No ☐ Yes, Please explain the distance and circumstances:

**c.** ☐ **Move-out Order.**

Respondent shall move from the residence at:

_____

and take from the dwelling only items needed for employment and necessary personal effects (at peace officer's discretion).

**d.** ☒ **Child Custody.**

    ☒ Stay the same as ordered in an existing child custody/divorce decree

        (Case #, County): **- Bannock**

Temporary custody of the minor child/ren named in Section 4 above, be awarded to:

    ☐ me

    ☐ Respondent.

The other parent should have:

☐ Visitation as follows (list specific days and times)

☐ Neutral drop off and pick up location at:

_____

☐ Transportation provided by _____

☐ Supervised visitation, why and supervised by whom

_____

☐ No visitation.

**e.** ☒ **Treatment/counseling.**

Respondent be ordered to participate in treatment or counseling services for (purpose) **COUNSELING FOR BORDERLINE PERSONALITY DISORDER**

**f.** ☐ **Other relief requested:**

## CERTIFICATION UNDER PENALTY OF PERJURY

I certify under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

Date: **2/1/2023**

**Breanne M Birch** _____
Typed/printed name

**/s/ Breanne M Birch** _____
Signature

## Coversheet

Document Attached for Paragraph 6: Description of recent acts or threats

☐ No address, email and telephone are given
because I do not want my information on this petition.

Breanne Marie Birch
Full Name of Party Filing Document

█████████████████████████████████
Mailing Address (Street or Post Office Box)
            ID      201
█████████████████████████████████

Telephone

█████████████████████████████████
Email Address (if any)

IN THE DISTRICT COURT FOR THE _____ 6th _____ JUDICIAL DISTRICT
FOR THE STATE OF IDAHO, IN AND FOR THE COUNTY OF _____ Bannock _____

MAGISTRATE DIVISION

| | |
|---|---|
| Breanne M. Birch , <br> **Petitioner** <br> (Person Seeking Protection Order), <br><br> vs. <br><br> Andrew P. Grimshaw , <br> **Respondent** <br> (Person You Want Restrained) | Case No. CV03-23-00961 <br><br> **SWORN PETITION FOR PROTECTION ORDER** <br><br> Select: <br> ☒ Domestic Violence (I.C. § 39-6304) <br><br> ☐ Stalking and/or Threats (I.C. § 18-7907) |

## THE LAW REQUIRES THAT THE RESPONDENT <u>BE GIVEN A COPY</u> OF THIS COMPLETED FORM AND ALL ATTACHMENTS.

1. **Protected Person(s).** I am seeking a protection order for:

☒ Myself.

☒ The following minor child/ren (first and last names): ███████████████
███████████████████████████████████████████h

My relationship to child/ren is: ☒ Custodial parent ☐ Non-custodial parent ☐ Guardian

☐ The following family or household member (first and last names): _____

2. **Relationships.** Please check <u>all that apply</u> to the relationship between Respondent (person you want restrained) and you or the person(s) for whom you are seeking protection.

☐ spouse

☒ former spouse, state and county where divorce was filed: _____ ID / Bannock

☐ residing together

☐ previously resided together, we last resided together on (date)_____

☐ child in common

☐ intimate partner

☐ parent

☐ related by blood, adoption or marriage, Relationship: _____

☐ are dating, or ☐ previously dated and our last date was (date)_____

**If a dating relationship please describe:** (complete for adult or minor):

Length of time of the dating relationship _____

Time since the relationship ended _____

☐ Other, Explain: _____

_____

3. **Residence.**

☒ I live or am staying in _____ Bannock _____ County, Idaho. Respondent lives in

_____ County, State of _____ Utah _____.

☒ Respondent does not live with me.

☐ I live with Respondent at:

_____

Our home is rented or owned ☐ by both of us ☒ by me ☐ by Respondent.

☐ I have left the residence where I lived with Respondent. I want to return ☐ yes ☐ no.

**If yes,** ☐ to live ☐ to get personal belongings ☐ other _____

_____

☐ A business is run from the home.  Type of business: _____

_____

The business is run ☐ by me ☐ by Respondent  ☐ by both of us.

**4. Child/ren affected by the protection order.**

I am the natural/adoptive parent or legal guardian of the following child/ren:

| Name (First, Middle Initial, Last) | Birth Date | Sex | How Child is Related to: Petitioner | Respondent | State(s) where child lived last 6 months |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

During the last six (6) months the child/ren have lived with ___Petitioner - Breanne Birth___

**5. Other court cases.** List any pending court cases between you and Respondent and any other court cases or court orders relating to the minor child/ren who will be affected by this protection order (divorce, custody, child protection, guardianship, adoption, protection order, criminal, no contact order, etc.)

___Modification of Custody in Provo, UT with his ex-wife Melissa J. White.___

☐ I have applied for a protection order(s) before in the county of _____

on (date) _____, against (name) _____

☐ Respondent has applied for a protection order(s) before in the county of

_____ on (date) _____, against (name) _____

☐ Respondent has been involved in crimes involving violence, child abuse, weapons, drugs or alcohol. (If checked, please describe the charges to the best of your knowledge, when and where they were filed, and any convictions) _____

_____

_____

☐ I have been involved in crimes involving violence, child abuse, weapons, drugs or alcohol. (If checked, please describe what the charges were, when and where they were filed and convictions) _____

_____

## 6. I am filing for a protection order for: (check all that apply)

### ☒ Domestic Violence

**Definition:** Physical injury, sexual abuse or forced imprisonment or threat thereof of a family or household member, or of a minor child by a person with whom the minor child has had or is having a dating relationship, or of an adult by a person with whom the adult has had or is having a dating relationship.

### ☒ Stalking

**Definition:** Repeated acts, of nonconsensual contact that alarms, annoys, or harasses you, causing you emotional distress, fear of death, physical injury or fear of death or physical injury of a family or household member. The recent act must have occurred within the last 90 days.

### ☐ Telephone Threats

**Definition:** The use of a telephone with the intent to terrify, threaten, or intimidate and threatens to inflict injury or physical harm against you or a family member. The conduct must have occurred within the last 90 days.

### ☐ Threats Based on Race, Color, Religion, Ancestry or National Origin

**Definition:** Based upon your race, color, religion, ancestry, or national origin, Respondent intimidates or harasses you or causes, or threatens to cause, physical injury to you or damage to your personal property. The conduct must have occurred within the last 90 days.

**Describe the most recent acts and/or threats committed by Respondent.**

When? (date and time)
1/28/23  @ 11:30 pm

Where did this occur or where were you?
At my residence - ███ - ██ ███

Who was present? (minor children, friends, family, etc.)
Myself - his ex wife was on the phone w/me and called the police from what she heard.

Describe in detail the series of or recent acts or threats and describe how you were contacted (e.g. phone, email, social media). If you include attachments, please explain how your attachments are related to the acts or threats: Andrew was in Utah and wanted to come get his belongings

from my house. I asked him not to come because I could tell he was triggered by something which frightened Me. He has been diagnosed with Borderline Personality Disorder and acts out irrationally when triggered. He showed up against My wishes so I went into My room & locked the door so he could get his belongings. This upset him more. He tried to break down My door to "talk". _____ Include a separate page if you need more room.

See exhibit A.

**Describe any injuries:**

No injuries. I am just scared for my safety and for the safety of my kids & property.

**Was a weapon involved?** ☒No ☐ Yes

**If so, what and how?** _____

**Is there anything else you want the judge to know about what happened?**

We had our marriage annuled after 5 months in December 2022 because of his threats & mental illness.

**Describe past acts or threats including dates:**

7/20/22 - Attempted to commit suicide & was taken to PMC.
9/30/22 - Threatened suicide in front of his 7 year old child & said it would be My fault.

See exhibit B.

_____

_____

_____

_____

**Do not write on the back of this page.**
**Include a separate page if you need more room.**

**7. I ask the Court to order the following:**

**a. Personal Conduct Order.**

Respondent shall not contact or attempt to contact the protected person(s) identified in Section 1 of this petition, in any manner, including in person or through another person, or in writing or through any electronic means, including telephone, email, text, through social networking, or facsimile. Respondent shall not harass; stalk; threaten; use, attempt to use or threaten use of physical force; or engage in any other conduct that would place the protected person(s) in reasonable fear of bodily injury.

**b. Stay Away Order.**

i. Respondent shall at all times stay away from:

☒ My residence at:
▮▮▮ ▮▮▮ ▮

☐ **No address is given because I do not want my address on this petition.**

☐ Protected Minor's residence at:

☒ My workplace and/or school at:
Bingham Co. Sheriff's Office

☐ Protected Minor's workplace and/or school at:

☒ My child/ren's school and/or childcare at:
▮▮▮▮ ▮▮▮▮ ▮ ▮▮▮ ▮ ▮▮▮

☐ Other:

ii. Are any of these addresses within 1,500 feet of where Respondent lives, works, or attends school? ☒ No ☐ Yes, Please explain the distance and circumstances:

**c. ☐ Move-out Order.**

Respondent shall move from the residence at:

and take from the dwelling only items needed for employment and necessary personal effects (at peace officer's discretion).

d. ☐ **Child Custody.**

☐ Stay the same as ordered in an existing child custody/divorce decree

(Case #, County): _____

Temporary custody of the minor child/ren named in Section 4 above, be awarded to:

☐ me

☐ Respondent.

The other parent should have:

☐ Visitation as follows (list specific days and times)

_____

_____

_____

_____

☐ Neutral drop off and pick up location at:

_____

☐ Transportation provided by _____

☐ Supervised visitation, why and supervised by whom _____

_____

☐ No visitation.

e. ☒ **Treatment/counseling.**

Respondent be ordered to participate in treatment or counseling services for (purpose)

Borderline Personality Disorder

_____

f. ☐ **Other relief requested:**

_____

_____

## CERTIFICATION UNDER PENALTY OF PERJURY

I certify under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

Date: 02│01│23

Breanne M. Birch
Typed/printed name

Breanne M. Birch
Signature

SWORN PETITION FOR PROTECTION ORDER
CAO DV 1-1 07/01/2019

# EXHIBIT A

(Continued from P. 5 Threats and incidents)

I have cameras inside my house on my fridge that I placed after losing trust in my new husband a month after getting married. Andrew was upset that I would not let him in my room so he went downstairs and started banging things around making a lot of noise. I pulled up my cameras to make sure he wasn't causing damage. That's when I learned he had opened my cupboard and pantry doors to cover my cameras. He then unplugged my internet so I couldn't watch my tv in my room trying to bait me to come out. I was fed up and just wanted him to leave. I opened my door and told him to leave. He refused and my emotions got heightened. I called his ex-wife and had her on speaker phone because he listens to her. He still refused to load his belongings in his car and chose to pull up a chair to my kitchen table still refusing to leave. I was scared, mad, and exhausted. He then came to the bottom of the stairs and I was at the top of the stairs yelling for him to leave still with his ex-wife on the phone. He told me told me to "get a knife and kill him now" due to my comments about helping his ex-wife with her custody order to protect her kids. She called the police. After he realized I wasn't bluffing and police were getting involved, he started to load up his belongings. He took everything outside on my porch and when he was done, I locked the door. I wanted him to leave. He started knocking on my door. Then ringing my doorbell. Then called me. He said he had my dog and was holding him hostage until I let him go into my garage to check for other items belonging to him. I wasn't going to open another door for him to cause more problems. I saw he was holding my small dog on my ring camera and panicked. My other dog was running loose outside as well. I knew I had to get my dogs back. I opened the door just wide enough to get my dogs. He then pushed me down to come inside and marched to the garage. I followed still with his ex-wife on the phone. He asked me to open the garage door and at this point, I tried just to get him gone. The garage was frozen shut and he accused me of not actually pushing the button to open his. He then charged at me to get to the opener and pushed me out of the way. He realized it really was frozen and went to the overhead door trying to break it open. The police showed up shortly after that. His behavior changed to a calm and collected person as if he didn't just shove me. He told the officer I was his drunk wife just going through a crazy phase. I was not drunk and we are not married anymore. Upon receiving a citation for battery, his tone changed to being aggressive with the officers. He threatened them with an attorney and said it was a conflict of interest making comments about how the officers knew me and I slept with half the force and he was going to sue them. He was told to not have any contact with me from that point on. He told the officers he was going back to Utah that night. His location on his iphone was still on and I was still scared so I looked at it which showed he checked into a hotel in Pocatello. I was awake all night for fear he would come back and the officers would think he was in UT. The next day, a neighbor was seen on my ring camera putting my dogs in my backyard. Andrew had shown up after the officers left and opened my gate for them to get out. He would always make comments about how he was jealous of the affection I gave my dogs over him.

I have blocked Andrew from any means of communication including email, phone, social media, and even turned off Facebook to avoid his multiple other accounts to troll me. He still tried to send his location and requested mine somehow, he has been trying to get his ex-wife to contact me to contact him, and he has deposited $.01 into my bank account for unknown reasons. His continued harassment is unwanted and needs to stop. He has no ties to Idaho or myself other than a camping trailer and the insurance payment set out in our annulment decree. Neither of those things would require contact with

me. I fear his instability with his personality disorder and lack of reality will place myself, children, dogs and property in danger of serious injury. He has threatened me financially as well. I just want to be able to feel safe without worrying he will be waiting or watching me. He does have a history of domestic violence with his ex-wife which is also mentioned in detail in Exhibit B.

# Exhibit B

| | A | B |
|---|---|---|
| 1 | | |
| 2 | **DATE** | **BEHAVIOR/INCIDENT** |
| 3 | 07/02/2022 | Got married and Andy couldn't consemate the marriage for almost 2 weeks due to his lack of erection. |
| 4 | 07/20/2022 | Andy got a prescription for HIMS online and took the pills every day and lied about his erection and medication he was taking. He was also taking Adderall and an anti-anxiety medicine. |
| 5 | 09/19/2022 | Andy lied about "overdosing" and was committed to PMC for 24 hours. His labs were normal. I contacted his family for support to help Andy. He blamed his depression and attempt on not having his kids since school had started and his time was limited with them. |
| 6 | 09/30/2022 | Andy stated he was going to kill himself and it would be all my fault/bawled uncontrollably over a sock in front of ▓▓▓▓▓▓▓▓ |
| 7 | 10/07/2022 | Made arrangements with Melissa to take the kids full time due to her husband's health problems and to help Andy's depression of not having them. I was able to get them enrolled at ▓▓▓▓▓▓ and purchased them new school clothes and all their supplies. |
| 8 | 10/09/2022 | Andy's behavior was not getting better which raised red flags and questions about his mental health and medication that he was on. I asked Andy to leave due to his volatile and unstable behavior. I told him not to come home until he got the help he needed. I provided the children with love and reassured them that their dad loved them and fibbed stating he had to go out of town for work. He told his kids that I was mean to him and not to talk to me. When I asked him what he said because of their odd behavior, the children all came out of the room wanting to embrace me with hugs. His daughter then told me that Andy told them to stay away from me and I would be mean to them. Manipulating your own kids to get sympathy and attention from your wife is not ok. The children have always loved and embraced me with hugs and kisses. I have always kept them safe. I started to realize the inconsistencies and confusion that Andy was starting to cause for these beautiful children. |
| 9 | 10/10/2022 | Grimshaw's start first day of school while Andy is gone for mental health issues. |
| 10 | 10/14/2022 | Andy was allowed back home due to a dr appt where ▓▓▓▓▓▓ got Andy off Adderall and anti depressants and gave prognosis of personality disorder. He chose not to step up as a parent which meant I was caring for all 6 of our children while processing Andy's mental health issue. He was weened off all meds. |
| 11 | 10/28/2022 | ▓▓▓▓ told a little girl her family doesn't really love her and will leave her alone. (1st incident) ▓▓▓▓ day 2nd ▓▓▓▓▓▓ was hitting kids at recess and broke their snowman |
| 12 | 11/03/2022 | ▓▓▓▓▓ stabbed a student in the eye with a pencil due to the "voice in his head". Mother was contacted and she made comment she feared he would be the next school schooter. I removed him from school for the day. |
| 13 | 11/09/2022 | ▓▓▓▓▓ bawled when I would have to go to work and would beg me to stay home and make her daddy go to work because she didn't want to be left with him. This occurred multiple nights. |
| 14 | 11/10/2022 | ▓▓▓▓ had his first meet with extensive therapist ▓▓▓▓ e that stated he has abandonment issues and will get more violent for attention. |
| 15 | 11/11/2022 | Briggs punched a kid in the face for no reason (4th incident). Andy refused to send kids with mom. His parenting consists of arguing with his son and having his son yell and tell him no constantly. There is no consistency. |
| 16 | 11/14/2022 | Andy told me he was moving out. After a yelling match, he told me he wasn't ever going to move out even though he was heard on the phone calling people to help him move. He did not move out. |
| 17 | 11/14/2022 | Andy told me I had the mental health issue and needed to get tested. |

# Exhibit B

| | A | B |
|---|---|---|
| 18 | 11/16/2022 | Spoke with his ex and she advised of physically violent behavior with pics as well as an inappropriate behavior with another woman while they were married. Andy smothered Melissa with a pillow after two weeks of marriage. He also beat her with a belt when she did get pregnant. He pushed her and made her trip over her hot curling iron and held her down over the iron. Andy tried to lie initially and then admitted to having an emotional affair with ███████ who worked for his ex wife's father. He admitted to several of the domestic violence acts that his ex informed me of but then tried to blame her or make excuses for his actions. Never took responsibility for anything. It was always someone else's fault or there is an excuse. I also discovered that his dad physically abused his mother and he had been hididng it from me. He said it hit to close to home for him because of what he had done to his wife. |
| 19 | | She also advised that he never really was able to get an erection the whole 7 years which was something he lied to me about. He told me they had infertility issues. He blamed not being able to get an erection on affects of adderall. |
| 20 | 11/16/2022 | with their father. This was a regular occurance when I worked at the salon. My boss at the salon witnessed the dramatic holding on tight to my leg and crying when Andy came to pick them up becuase they didn't want to go. |
| 21 | 11/17/2022 | Met with ███ s' therapist with Andy and Melissa. ███████ is the counselor and advised that Briggs be home schooled due to his worsening behavior and recommended going back with mom as Andy is unstable and inconsistent which was making matters worse for the 8 year old boy. He needed to be separated from other children to keep others safe and needed his own room which I could not provide in the home we reside in. |
| 22 | 11/2-11/15/2022 | Turned down hair clients to be home to help kids because of Andy's irrational behavior |
| 23 | 11/18/2022 | Grimshaw kids went back to Mom's per the counselor's recommendation for Briggs due to Andy's instability. |
| 24 | 11/19/2022 | I located disturbing notes on Andy's kids' ipad that included very personal information about me and logged anything and everything I would tell him like a robot. I felt like I was in a relationship with someone that wasn't even human. I then saw he had signed up for a dating site called BADOO through his email where he confirmed his registration. See attached photos. |
| 25 | 11/20/2022 | due to his mom being upset about kids going back to Melissa. She then told him to divorce me and move back to Utah to live near his kids. (Mom is a trigger and has her own personality |
| 26 | 11/21/2022 | sound of a vacuum. He expressed that he gets an errection from the sound of things getting sucked up especially legos. |
| 27 | 11/24/2022 | I avoided conversation with Andy all day to avoid a fight. Went to Thanksgiving with my fam and then Andy proceeded to pick a fight with me on my way home because I didn't give him attention. |
| 28 | 11/22/2022 | Andy moved out his main pertinent belongings. |
| 29 | 11/26/2022 | Andy moved out after making threats over money, an attorney, and having an officer at my house while he gathered his belongings. All were confirmed to have been a lie and manipulation tactic. |
| 30 | 11/29/2022 | Went to couple's counseling due to Andy bribing me by paying his debt to the contractor that was already promised. The counselor advised Andy to sign the Annulment. The counselor from Community Mental Health also diagnosed Andy with Borderline Personality Disorder and witnessed the manipulation and excuses immediately. The counselor is Joel. |
| 31 | 11/30/2022 | Andy was "officially" diagnosed as Petulant Borderline Personality Disorder in Utah. I Sent the annulment via email and Andy finally agreed to sign it. |
| 32 | 12/01/2022 | Andy tried to bribe me and manipulate me with finances to not file for an Annulment. He is very aware of the financial hardship that I am left with now that he is gone and I filed anyways. I won't let him manipulate me for monetary means. |

# Coversheet

## Document Attached for Paragraph 6: Past acts or threats

# Exhibit B

| | A | B |
|---|---|---|
| 2 | **DATE** | **BEHAVIOR/INCIDENT** |
| 3 | 07/02/2022 | Got married and Andy couldn't consemate the marriage for almost 2 weeks due to his lack of erection. |
| 4 | 07/20/2022 | Andy got a prescription for HIMS online and took the pills every day and lied about his erection and medication he was taking. He was also taking Adderall and an anti-anxiety medicine. |
| 5 | 09/19/2022 | Andy lied about "overdosing" and was committed to PMC for 24 hours. His labs were normal. I contacted his family for support to help Andy. He blamed his depression and attempt on not having his kids since school had started and his time was limited with them. |
| 6 | 09/30/2022 | Andy stated he was going to kill himself and it would be all my fault/bawled uncontrollably over a sock in front of Braelynn (7 yo daughter) |
| 7 | 10/07/2022 | Made arrangements with Melissa to take the kids full time due to her husband's health problems and to help Andy's depression of not having them. I was able to get them enrolled at ▇▇▇▇ and ▇▇▇▇ and purchased them new school clothes and all their supplies. |
| 8 | 10/09/2022 | Andy's behavior was not getting better which raised red flags and questions about his mental health and medication that he was on. I asked Andy to leave due to his volatile and unstable behavior. I told him not to come home until he got the help he needed. I provided the children with love and reassured them that their dad loved them and fibbed stating he had to go out of town for work. He told his kids that I was mean to him and not to talk to me. When I asked him what he said because of their odd behavior, the children all came out of the room wanting to embrace me with hugs. His daughter then told me that Andy told them to stay away from me and I would be mean to them. Manipulating your own kids to get sympathy and attention from your wife-is not ok. The children have always loved and embraced me with hugs and kisses. I have always kept them safe. I started to realize the inconsistencies and confusion that Andy was starting to cause for these beautiful children. |
| 9 | 10/10/2022 | Grimshaw's start first day of school while Andy is gone for mental health issues. |
| 10 | 10/14/2022 | Andy was allowed back home due to a dr appt where ▇▇▇▇ got Andy off Adderall and anti depressants and gave prognosis of personality disorder. He chose not to step up as a parent which meant I was caring for all 6 of our children while processing Andy's mental health issue. He was weened off all meds. |
| 11 | 10/28/2022 | ▇ s told a little girl her family doesn't really love her and will leave her alone. (1st incident) same day 2nd inciden ▇▇▇ s was hitting kids at recess and broke their snowman |
| 12 | 11/03/2022 | ▇ s stabbed a student in the eye with a pencil due to the "voice in his head". Mother was contacted and she made comment she feared he would be the next school schooter. I removed him from school for the day. |
| 13 | 11/09/2022 | ▇ bawled when I would have to go to work and would beg me to stay home and make her daddy go to work because she didn't want to be left with him. This occurred multiple nights. |
| 14 | 11/10/2022 | ▇ had his first meet with extensive therapist Tandice that stated he has abandonment issues and will get more violent for attention. |
| 15 | 11/11/2022 | ▇ punched a kid in the face for no reason (4th incident). Andy refused to send kids with mom. His parenting consists of arguing with his son and having his son yell and tell him no constantly. There is no consistency. |
| 16 | 11/14/2022 | Andy told me he was moving out. After a yelling match, he told me he wasn't ever going to move out even though he was heard on the phone calling people to help him move. He did not move out. |
| 17 | 11/14/2022 | Andy told me I had the mental health issue and needed to get tested. |

# Exhibit B

| | A | B |
|---|---|---|
| 18 | 11/16/2022 | Spoke with his ex and she advised of physically violent behavior with pics as well as an inappropriate behavior with another woman while they were married. Andy smothered ▇ with a pillow after two weeks of marriage. He also beat her with a belt when she did get pregnant. He pushed her and made her trip over her hot curling iron and held her down over the iron. Andy tried to lie initially and then admitted to having an emotional affair with ▇ who worked for his ex wife's father. He admitted to several of the domestic violence acts that his ex informed me of but then tried to blame her or make excuses for his actions. Never took responsibility for anything. It was always someone else's fault or there is an excuse. I also discovered that his dad physically abused his mother and he had been hiding it from me. He said it hit to close to home for him because of what he had done to his ex wife. |
| 19 |  | She also advised that he never really was able to get an erection the whole 7 years which was something he lied to me about. He told me they had infertility issues. He blamed not being able to get an erection on affects of adderall. |
| 20 | 11/16/2022 | with their father. This was a regular occurance when I worked at the salon. My boss at the salon witnessed the dramatic holding on tight to my leg and crying when Andy came to pick them up becuase they didn't want to go. |
| 21 | 11/17/2022 | Met with ▇ therapist with Andy and Melissa. ▇ is the counselor and advised that ▇ s be home schooled due to his worsening behavior and recommended going back with mom as Andy is unstable and inconsistent which was making matters worse for the 8 year old boy. He needed to be separated from other children to keep others safe and needed his own room which I could not provide in the home we reside in. |
| 22 | 11/2-11/15/2022 | Turned down hair clients to be home to help kids because of Andy's irrational behavior |
| 23 | 11/18/2022 | Grimshaw kids went back to Mom's per the counselor's recommendation for Briggs due to Andy's instability. |
| 24 | 11/19/2022 | I located disturbing notes on Andy's kids' Ipad that included very personal information about me and logged anything and everything I would tell him like a robot. I felt like I was in a relationship with someone that wasn't even human. I then saw he had signed up for a dating site called BADOO through his email where he confirmed his registration. See attached photos. |
| 25 | 11/20/2022 | due to his mom being upset about kids going back to Melissa. She then told him to divorce me and move back to Utah to live near his kids. (Mom is a trigger and has her own personality |
| 26 | 11/21/2022 | sound of a vacuum. He expressed that he gets an errection from the sound of things getting sucked up especially legos. |
| 27 | 11/24/2022 | I avoided conversation with Andy all day to avoid a fight. Went to Thanksgiving with my fam and then Andy proceeded to pick a fight with me on my way home because I didn't give him attention. |
| 28 | 11/22/2022 | Andy moved out his main pertinent belongings. |
| 29 | 11/26/2022 | Andy moved out after making threats over money, an attorney, and having an officer at my house while he gathered his belongings. All were confirmed to have been a lie and manipulation tactic. |
| 30 | 11/29/2022 | Went to couple's counseling due to Andy bribing me by paying his debt to the contractor that was already promised. The counselor advised Andy to sign the Annulment. The counselor from Community Mental Health also diagnosed Andy with Borderline Personality Disorder and witnessed the manipulation and excuses immediately. The counselor is ▇ |
| 31 | 11/30/2022 | Andy was "officially" diagnosed as Petulant Borderline Personality Disorder in Utah. I Sent the annulment via email and Andy finally agreed to sign it. |
| 32 | 12/01/2022 | Andy tried to bribe me and manipulate me with finances to not file for an Annulment. He is very aware of the financial hardship that I am left with now that he is gone and I filed anyways. I won't let him manipulate me for monetary means. |

**<u>EXHIBIT 5</u>**
**TO**
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY
TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING
CRIMINAL PROSECUTION; AND REQUEST FOR
DECLARATORY RELIEF**

IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK
MAGISTRATE DIVISION

| | |
|---|---|
| Breanne Birch<br>    Petitioner,<br>vs<br>Andrew Grimshaw<br>    Respondent. | Case No. CV03-23-00373<br><br>Order Dismissing Protection Order Action |

IT IS ORDERED that this action be dismissed for the following reasons:

☐ The Petition does not allege facts which, if true, would entitle the Petitioner to a
Protection Order.

☒ The Petitioner failed to appear at the hearing.

☐ The Petitioner requested that this action be dismissed.

☐ The Court determined, after considering the evidence admitted during the

hearing, that there is insufficient evidence for the issuance of a Protection Order.

☐ Other: _____

**If there is a Protection Order outstanding**, it is further ordered that the Clerk of the Court
shall forward a copy of this Order to the law enforcement agency specified in the Court's initial
Protection Order, for immediate entry into record systems and to facilitate service in the
jurisdiction in which the Respondent resides, if not previously served. The clerk shall deliver or
mail a copy of this order to the Petitioner.

Dated: __**2/28/2023 3:13:48 PM**__

Judge _Carol Tippi Jauman_

Copy served on Petitioner by ☐ hand-delivery ✗ email to address shown in court files.

Copy served on Respondent by ☐ hand-delivery ✗ certified mail to address shown in court
files.

Jason Dixon
Clerk of the Court

Dated: __**2/28/2023**__

By: _Monica Sanada_
Deputy Clerk

**<u>EXHIBIT 6</u>**
**TO**
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY
TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING
CRIMINAL PROSECUTION; AND REQUEST FOR
DECLARATORY RELIEF**

# Request for Protective Order
(Utah Code 78B-7-601 et seq.)

Case Number: _____ District: __4th__

County: __Utah_____ State: __Utah__

Judge: _____

Commissioner: _____

**1  Petitioner** *(person asking for protection):*

__Melissa White_____

*First*          *Middle*          *Last*

**This is a private record.**

**Address and phone #** *(to keep private, leave blank):*

[redacted] _____

*Street*

[redacted]

*City   State   Zip*

Phone #'s: [redacted]

What is your date of birth?:

[redacted]

Name and phone number of Petitioner's attorney (if any): [redacted]

**Other people protected by this order**
(relatives or people who live with you):

| **Name** | **Age** | **Relationship to Petitioner** |
|---|---|---|
| [redacted] | [redacted] | Son |
| | | Daughter |
| | | Daughter |

**2  Respondent** *(person you need to be protected from):*

__Andrew Grimshaw_____

*First*          *Middle*          *Last*

*Other Names Used*

Relationship to Petitioner:  __Husband___

Address (street):

[redacted]

[redacted]

*City   State   Zip*

Respondent's Employer (Name and address):
__Respondent works from home__

**Describe Respondent**
**\* Required.** If you do not know, write unknown.

| Sex\* | Race\* | Date of Birth\* | Ht. | Wt. |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |

| Eyes | Hair | Full Social Security # (if known) |
|---|---|---|
| [redacted] | [redacted] | [redacted] |

Distinguishing features *(like tattoos, scars, limp, etc.)*

Shaved head, tattoos on legs
_____

Driver's license issued by *(State)*:____ Expires: _____

| Other places to find Respondent (work, relatives, friend, hangouts, etc. – include city/state/zip on each address, if possible) | Location Type (work, relatives, friend, hangouts, etc) | Best times to find at this address | Phone number |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**Describe Respondent's vehicle(s):**

| Make | Model | Color | License Plates |
|------|-------|-------|----------------|
| Chevy | Tahoe | Navy Blue | |
| | | | |

Has the Respondent used weapons or been violent in the past? [ X ] Yes  [__] No   If yes, describe here:
___Respondent has hit Petitioner in the past using a belt, and has burned her with a curling iron
_____

Is the Respondent on probation or parole?  [__] Yes  [ x ] No   If yes, list the name of the probation/parole
agency, the officer, and the telephone number here: _____

**3  What is your relationship to the Respondent?** (Check all that apply)

[   a.  We are married now.

[ X  b. We used to be married.
    _____

[   c.  We live together as a couple.

[ X  d. We used to live together as a couple.

[   e.  We are or used to be in a consensual
         sexual relationship.

[ X  f. We live or used to live in the same home

[   g.  We are related by blood, marriage, or adoption
         as a child, parent, aunt, uncle, niece, nephew,
         grandparent, grandchild, or sibling. (Specify the
         relationship):

[   h.  We are expecting a child now.
         List Due Date: _____

[ X  i.  We have or had a child or children together.
         List below:

| Child's Name | Birth date (mm/dd/yyyy) | Address |
|--------------|-------------------------|---------|
| ██████████ | ██████ | ████████████ |
| | | |
| | | |
| | | |

**4  Describe the most recent abuse** (if any):

a.  When did it happen? (Date):_ February 4, 2023 _____

b.  Where did it happen? ___ over the phone – Provo, UT _____

                           Street                                                        C ty                         State

c.  Did the police come?  [__] Yes [ X_] No

d.  If the police came answer these questions:
    What police department came? _ _____
    Was anyone arrested? [__] Yes [__] No
     If yes, who was arrested? _____
    What is the case number? _____
    Did anyone get a ticket? [__] Yes [__] No
     If yes, who got the ticket? _____

e.   Describe the abuse or domestic violence:  _When Petitioner and Respondent were married,_
_Respondent committed domestic violence against Petitioner by attempting to smother her with a pillow, and_
_hitting her with a belt when she was 29 weeks pregnant with their child, Joelle (photos are attached)._
_Respondent also held Petitioner down on a hot curling iron, while Petitioner was screaming and struggling to_
_get off. Petitioner's back was badly blistered from the burn._

_Petitioner and Respondent have been divorced since September of 2019, and both parties have been_
_remarried. Respondent lived with his wife, Breanne Birch, in Idaho. He has since been divorced. In January_
_2023, Respondent committed domestic violence against his ex wife, Breanne. Andrew shoved Breanne, tried_
_to break down the door when she locked him out, blocked her interior cameras and unplugged her internet in_
_an attempt to get her to come out._

_Since that episode, Andrew moved back to Utah. On Saturday, February 4, 2023, Andrew talked to Petitioner_
_on the phone. He had learned that Petitioner had been talking to Breanne, and became enraged. He threatened_
_Petitioner  that he was going to "come after her," called her a bitch and told her "I guess you have what is_
_coming to you, you just wait."_

_Andrew has experienced severe mental health issues in the past year, including suicide attempts and a_
_general mental health decline. He is unstable, and has been diagnosed with a personality disorder. Due to_
_Andrew's previous domestic violence history, and his mental instability, Petitioner is terrified Andrew will_
_follow through on his threats of violence against her._

_____
_____
_____
_____
_____
[__] Check here if you need more space and attach a separate sheet of paper to this form

f.   What did the other person do or say to make you afraid?  _Andrew has a history of domestic violence_
_against Petitioner, and one recent domestic violence incident against his ex wife, Breanne_
_Birch, which occurred in January 2023. Andrew threatened Petitioner over the phone on_
_February 4, 2023, saying he is going to "come after her" and "I guess you have what is_
_coming to you, just wait". Given Andrew's recent violent episodes, and the past abuse he_
_has perpetrated against Petitioner, she is terrified he will follow through on his threat to hurt_
_her._

g.   Did the other person use or threaten to use a gun or other weapon? [__] Yes [ x ] No  (If yes, describe
any weapons the Respondent owns and how they were used against you): _____
_____

h.   Were any children present when this happened? [__] Yes [_X_] No (If "yes," who?)__
i.   Who else was there? _____
j.   Was anyone hurt? _____
k.   Other facts: _____
_____
_____

_____
_____

**5  Describe past abuse** (if any):
   a.  When did it happen? (Date):_ _____
   b.  Where did it happen? _____
   <span style="display:flex; justify-content:space-between">Street                 C ty            State</span>
   c.  Did the police come?  [__] Yes [__] No
   d.  If the police came answer these questions:
       What police department came? _____
       Was anyone arrested? [__] Yes [__] No
       If yes, who was arrested? _____
       What is the case number? _____
       Did anyone get a ticket? [__] Yes [__] No
       If yes, who got the ticket? _____
   e.  Describe the past abuse or domestic violence:

   Past abuse is described above_____
   _____
   _____
   _____
   _____
   _____
   _____

   [__] Check here if you need more space and attach a separate sheet of paper to this form

**6  Fear of imminent physical harm**
   [ X ]        Other than what I describe above, I fear there is a substantial likelihood of imminent physical
   harm by respondent against me.

   (Descr be  n deta  why you are afra d the respondent w   cause you phys ca  harm  n the  mmed ate future.)
   _____ Based on the above history, Petitioner is afraid Andrew will come and try and harm her. His verbal
   threats to "come and get her" and that "she has what is coming to [her]" and "just wait", along with his
   general mental instability, and past instances of domestic violence, makes her afraid of what Andrew is
   capable and makes her fear for her safety._____

   [ ] Check here if you need more space and attach additional pages to this form.

**7  Other Court Cases**
   a.  Are you or the Respondent on probation now for domestic violence? [__]Yes [ x ] No (If Yes, who? _____)
   b.  Have you or the Respondent ever been involved in any other court case involving either of you or your
       children? [ x ] Yes [__] No (If yes, list ALL court cases below):

| Court case name | Grimshaw v. Grimshaw | Court case number | 194400219 |
|---|---|---|---|
| Judge's name | Judge Johnson | County and state | Utah County, Utah |
| Type of case | [ ] Order of protection<br>[ X ] Civil litigation | [ ] Juvenile court proceeding<br>[ ] Criminal case | |
| Person involved | [ x ] Petitioner | Did the judge make | [ x ] Yes |

| | [ x ]  Respondent | an order? | [ ]  No |
|---|---|---|---|

| Court case name | City of South Jordan v. Grimshaw | Court case number | 191800135 |
|---|---|---|---|
| Judge's name | Michael Boehm | County and state | Salt Lake, UT |
| Type of case | [ ]  Order of protection<br>[ ]  Civil litigation | [ ]  Juvenile court proceeding<br>[ x]  Criminal case | |
| Person involved | [ X ]  Petitioner<br>[ ]  Respondent | Did the judge make an order? | [ X ]  Yes<br>[ ]  No |

| Court case name | Breanne Birch v. Andrew Grimshaw | Court case number | CV03-23-00373 |
|---|---|---|---|
| Judge's name | Carol Jarman | County and state | Bannock, ID |
| Type of case | [ X ]  Order of protection<br>[ ]  Civil litigation | [ ]  Juvenile court proceeding<br>[ ]  Criminal case | |
| Person involved | [ ]  Petitioner<br>[ X ]  Respondent | Did the judge make an order? | [ ]  Yes<br>[ X ]  No |

| Court case name | Melissa White v. Andrew Grimshaw | Court case number | |
|---|---|---|---|
| Judge's name | | County and state | |
| Type of case | [ X ]  Order of protection<br>[ ]  Civil litigation | [ X ]  Juvenile court proceeding<br>[ ]  Criminal case | |
| Person involved | [ X ]  Petitioner<br>[ X ]  Respondent | Did the judge make an order? | [ ]  Yes<br>[X ]  No |

c.  Fill out below if any child listed on the first page of this form is involved in any other court case, like adoption, juvenile, or custody, or has been investigated by the Division of Child and Family Services.

| Type of Case | County and State | Court or DCFS case number (if you know it) |
|---|---|---|
| CPS | Utah County, UT | |
| | | |

## Request for Protective Orders

I ask the court for the following orders.

(Choose all that apply.)

8   [ x ]        **Personal Conduct** Order the Respondent not to commit, try to commit or threaten to commit any form of violence against me or any person listed on the first page of this form. This includes stalking, harassing, threatening, physically hurting, or causing any other form of abuse.

9   [ **x** ]   **No Contact** Order the Respondent not to contact, phone, mail, e-mail, or communicate with me and the people listed on the first page of this form in any way, either directly or indirectly except as allowed by the parent-time provisions of the temporary protective order.

10  [___]   **Contact for Mediation** Order that the Respondent may contact me **only** during mediation sessions for our divorce or custody case that are scheduled with a Court Qualified Mediator.

11  [ **x** ]   **Stay Away** Order the Respondent to stay away from:

[ x ]a.  Stay at least __300 feet_____ (distance) from me.

[ x ]b.  Stay away from my

Home: ___██████████_Provo, UT 84606_____ (address)

Work : ___ _____ (address)

The respondent  [ ] does  [ x ] does not  work at the same place as me.
School: _

_____ (address)

The respondent  [ ] does  [ ] does not  go to the same school as me.

Place of worship: _____ (address)

The respondent  [ ] does  [ ] does not  attend the same place of worship as me.

If you work, go to the same school, or attend the same place of worship as the respondent, the court cannot order the Respondent to stay away from those places. Give information the court should consider about potential or necessary interactions with the Respondent in those settings.

_____

_____

_____

_____

_____

[x ]c.  Stay away from the people listed on the first page of this form at their:

Home: ___████████████Provo, UT 84606_____ (address)

Work : _____ (address)

The respondent  [ ] does  [ ] does not  work at the same place as the people listed on the first page of this form.
School: ___

_____ (address)

The respondent  [ ] does  [ ] does not  go to the same school as the people listed on the first page of this form.

Place of worship: _____ (address)

The respondent  [ ] does  [ ] does not  attend the same place of worship as the people listed on the first page of this form.

[ ]   d.   Other *(specify):* _____

**12 [ x ]   No Guns or Weapons –** Order the Respondent not to use, possess, have, or buy a gun or firearm or any of these weapons: _____

**13 [___]   Property Control –** Order that only I can use, control and possess the following:

[__]   a. Home at *(address):*

____

[__]   b. Car, truck or other essential personal belongings *(describe):* _

_____

_____

**14 [__] Property Control**  Order the Respondent

[ ]   Not to interfere with or change my phone, utility or other services.

[ ]   To maintain existing wireless phone contracts or accounts.

**15 [___]   Transfer Wireless Phone Number(s)** Order the Respondent and the wireless service provider to transfer my current wireless phone number(s) to a new account of my choice.

- The Respondent is the account holder for the following wireless phone number(s): _____
- The number(s) are assigned to phones that are primarily used by me, or by people who will live with me while the protective order is in effect.
- I will have full financial responsibility for each wireless phone number, beginning on the day of transfer. This includes monthly service costs and costs for any mobile device associated with the wireless phone number(s).
- A wireless service provider may apply standard requirements for account establishment to me when transferring financial responsibility.

**16 [ x ]   Child Custody & Parent-time Orders**

Give temporary custody of these minor children I have with the respondent to

[ X] me

[ ] _____ (name of person other than the Respondent):

_____

_____

Give the Respondent parent-time as follows:   <u>Parent time should be suspended until further orders in this and/or the child protective order case.</u>

_____

_____

If you asked for a No Contact Order above, who can communicate only parent-time information to the Respondent? (Name):_____

**17 [___]**   **No Alcohol or Drugs** Order the Respondent not to use alcohol or illegal drugs before or during visitation.

**18 [___]**   **Supervised Visitation** Provide the Respondent with supervised parent-time as follows: (list name and phone number of supervising agency or person):_ _____

**19 [___]**   **Travel Restrictions** Order the Respondent not to take the children listed above out of the state of Utah.

**20 [___]**   **Child Support, Spousal Support and other Expenses --** Order the Respondent to:
[__]   a.   Pay $ _____ / month in child support according to Utah Child Support Guidelines.
[__]   b.   Pay $ _____ / month in spousal support.
[__]   c.   Pay child support by withholding from the Respondent's earnings. (Utah Code  62A-11-4 and 62A-11-5)
[__]   d.   Pay 50% of the minor children's childcare expenses.
[__]   e.   Pay 50% of the minor children's medical expenses, including premiums, deductibles and co-payments.
[__]   f.   Pay $ _____ for the minor children's medical expenses related to the abuse and $ _____ for my medical expenses related to the abuse.

**21 [___]**   **Other Assistance Needed** *(List below any other orders needed to protect you and other protected people listed on page 1 of this form):*_____

_____

_____

## I also ask for these Orders to Agencies:

**22 [___]**   **Law Enforcement to Assist** Order a law enforcement officer
from:_____ to enforce the orders checked below:
[__]   a.   Help me gain and keep control of home, car or other personal belongings.
[__]   b.   Help me obtain custody of the children.
[__]   c.   Help the [__] Respondent or [__] me remove essential personal belongings from the home.

**23 [___]**   **Investigate Possible Child Abuse** Refer this matter to the Division of Child and Family Services for review and possible investigation of child abuse.

**24 [___]**   **Guardian for your children** Appoint an attorney to speak for the best interests of the children in this case.

## The Petitioner must read and sign below:

I swear that:
- I am the Petitioner and I have read this Request for Protective Order.
- **I understand it is a serious crime to lie to get a Protective Order.** If I lie, I can be charged with a felony, punishable by up to 5 years in prison.
- I believe I have the right to the protective orders I have asked for in this Request.
- I am not using this Request to harass the Respondent or to abuse the judicial process.

DocuSign Envelope ID: 5AF65E5B-4D85-471B-A7BF-F22521380A06

I declare under criminal penalty under the law of Utah that everything stated in this document is true.

Signed at _____Provo Utah_____ (city, and state or country).

09 February 2023
_____          Signature ▶ _____

Date

Printed Name   Melissa White





**<u>EXHIBIT 7</u>**
**TO**
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY
TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING
CRIMINAL PROSECUTION; AND REQUEST FOR
DECLARATORY RELIEF**

T. JAKE HINKINS (11669)
RENÉE L.H. BLOCHER (16000)
ANDERSON | HINKINS
881 West Baxter Drive
South Jordan, UT 84095
Tel (801) 930-0290
Fax (888) 381-9657
jake@andersonhinkins.com
renee@andersonhinkins.com
*Counsel for Petitioner*

---

### IN THE FOURTH JUDICIAL DISTRICT COURT
### IN AND FOR UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| MELISSA WHITE, | DECLARATION OF BREANNE BIRCH |
| Petitioner, | Case No. 234400414 |
| v. | Judge |
| ANDREW GRIMSHAW, | Commissioner Marian Ito |
| Respondent. | |

Respondent, Breanne Birch, states the following:

1.     I am the former wife of Andrew Grimshaw.

2.     Andrew and I were married for less than a year; Married in June 2022 and our marriage was annulled in December 2022.

3.     I am an adult over 18 years of age and am a resident of the state of Idaho.

4.     I am not under the influence of drugs or alcohol and am competent to give testimony in this matter.

5.      I make all of the statements herein on the basis of my personal and direct knowledge of the matter to which the statement pertains, except when stated upon information and belief, and these, I believe them to be true.

6.      I am the former wife of Andrew Grimshaw.

7.      Andrew and I were married for less than a year; our marriage was annulled in December 2022.

8.      During our marriage, I witnessed a significant decline in Andrew's mental health. Andrew struggled with depression, and other mental health issues. Upon information and belief Andrew has been diagnosed with borderline personality disorder. Andrew also abused the prescription medication Adderall. He told me he liked the "high, happy" feeling it gave him.

9.      Andrew has also struggled with suicidal ideations. In July 2022, Andrew told me he attempted suicide by overdosing on pills and the ambulance crew informed Andrew he could go with them to the hospital or Breanne could take the patient by personally operated vehicle to be hospitalized. The doctors ran a blood test which indicated Andrew falsely portrayed distress from the alleged overdose.  Andrew also threatened to kill himself in front of his seven-year-old daughter a few weeks after the first incident.

10.      Due to his mental health decline, I had Andrew leave our home in October 2022 for a time.

11.      In November of 2022, I learned from Melissa White, Andrew's former wife, that he had been physically abusive to her during their marriage.

12.      When I confronted Andrew about these details, he said he did not recall burning Melissa with a curling iron. However, Andrew admitted to hitting Melissa with a belt while she was pregnant, and smothering her with a pillow.

Page 2 of 4

13.     My marriage with Andrew continued to deteriorate. Our marriage was annulled in December 2022.

14.     At the end of January 2023, after Andrew and I had been separated and our marriage was annulled, Andrew returned to the home to purportedly collect some of his belongings, even though I requested he not return.

15.     Andrew showed up at the house at approximately 10:30 pm and refused to leave. I was terrified of what Andrew would do, so I locked myself in the bedroom.  While I was in the bedroom, he attempted to gain entry and became increasingly upset that I wouldn't let him in. He tried to break down my door to gain entry.  Andrew also unplugged my internet and blocked my interior cameras to force me out of my room.

16.     The incident turned physical and the police were called. Andrew shoved me a couple of times.  Police officers responded to the incident, and Andrew was cited with domestic battery.

17.     He has since violated the No Contact Order in Idaho harassing myself and my children and is being charged criminally.

18.     I state under the penalty of perjury of the State of Utah that the foregoing is true to the best of my knowledge.

DATED this 27th day of February, 2023.

Breanne Birch
*Declarant*

Page 3 of 4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of February, 2023, I caused a true and correct copy

of the foregoing to be served on the following by the method indicated:


Carolyn Howard                    E-filing
Jolley and Jolley



ANDERSON | HINKINS

*/s/ Renée Blocher*
T. Jake Hinkins
Renée L.H. Blocher
*Counsel for Petitioner*


Page 4 of 4

**<u>EXHIBIT 8</u>**
**TO**
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY**
**TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING**
**CRIMINAL PROSECUTION; AND REQUEST FOR**
**DECLARATORY RELIEF**

4TH DISTRICT COURT - PROVO

UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| MELISSA WHITE, | MINUTES |
| Petitioner, | ORDER DISMISSING TEMPORARY PROTECTIVE ORDER |
| vs. | Case No: 234400414 PO |
| ANDREW GRIMSHAW, | |
| | Commissioner: MARIAN ITO |
| Respondent. | Date: February 27, 2023 |

Clerk: clairet

**PRESENT**

Petitioner's Attorney: RENEE BLOCHER

Petitioner(s): MELISSA WHITE

Attorney for the Respondent: CAROLYN HOWARD

Respondent(s): ANDREW GRIMSHAW

Audio

Tape Number: 3A FTR Tape Count: 11:24-11:59

**HEARING**

This matter comes before Commissioner Ito for a hearing on a request for protective order.

The Court finds that these parties are cohabitants and establishes jurisdiction.

Ms. Blocher presents argument on the Petitoiner's Request for Protective Order. Ms. Howard responds. Ms. Blocher replies.

The Court refers to section 78B-7-602 of the Utah Code. The Court refers to the definitions of abuse and domestic violence as outlined in sections 78B-7-102 and 77-36-1 of the Utah Code.

The Court reviews the divorce matter between the parties (case number 194400219, from the Third District Court of Salt Lake County, Utah). The Court finds the Petitioner has not met her burden of proof for entry of a final Protective Order. The Court orders the dismissal of the Ex Parte Temporary Protective Order.

END OF ORDER. See Signature at the top of first page.

**<u>EXHIBIT 9</u>**
**TO**
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY
TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING
CRIMINAL PROSECUTION; AND REQUEST FOR
DECLARATORY RELIEF**

DocuSign Envelope ID: 5AF55E5B-4D8E-471B-A7BF-E22521380A0C

**FILED**
THIRD DISTRICT COURT

FEB 10 2023

WEST JORDAN DEPT.

Anderson Hinkins

Renée Blocher (16000)
Petitioner's Counsel

881 W. Baxter Dr.
Address (may be omitted for privacy)

South Jordan, Utah 84095
City, State, ZIP

801-930-0290
Telephone (may be omitted)

IN THE __FOURTH_____ DISTRICT JUVENILE COURT

__UTAH_____ COUNTY, STATE OF UTAH

| | |
|---|---|
| _Melissa White_____<br>Petitioner,<br><br>vs.<br><br>_Andrew Grimshaw_____<br>Respondent | **VERIFIED PETITION FOR EX PARTE CHILD PROTECTIVE ORDER**<br><br>Case No. _1221310/234900837_<br><br>Judge _Renteria / Sanchez_<br>Comm: Luhn |

PETITIONER IS ADVISED THAT KNOWING FALSIFICATION OF ANY STATEMENT OR INFORMATION PROVIDED FOR THE PURPOSE OF OBTAINING A PROTECTIVE ORDER MAY SUBJECT THE PETITIONER TO FELONY PROSECUTION. (Utah Code 78B-7-202)

[ X ] Petitioner made a referral of abuse to the Division of Child and Family Service based upon the incidents alleged in the petition.

The Petitioner alleges:

1. Petitioner is seeking a protective order on behalf of the following child/ren:

| NAME | BIRTH DATE | ADDRESS<br>(may be omitted for security reasons, if omitted please explain) |
|---|---|---|
| | | |

---

Approved October 9, 2009 by Board of Juvenile Court Judges / Revised by Forms Committee July 1, 2020     **Verified Petition for Ex Parte Child Protective Order**     Page 3 of 10

DocuSign Envelope ID: 5AF55E5B-4D8E-471B-A7BF-E22521380A0C

█████████████████████████████████████████████

2a. The child/ren currently live with:

_Melissa White (mother)_____

2b. During the last six months the child/ren has lived with the following individual/s at the following address/es (if different than above):

| CHILD'S NAME | Lived With (include name and dates) | ADDRESS (city/county/state only) |
|---|---|---|
| █████████████ | █████████████████ | █████████████ |
| | | |
| | | |

3a. Petitioner is a person interested in the minor child/ren for the following reasons: (Please describe your relationship to the child/ren and to the Respondent).

_Mother - ex wife of Respondent, Andrew Grimshaw_____

_____

_____

_____

3b. Describe how the Respondent is related to the child/ren.

_Father_____

_____

_____

4. Either Petitioner or Respondent resided in, or the acts occurred in, this County.

5. On or about __the past years, various dates_____ (date), at _2093 Cassia St. Pocatello, ID 83201_ (city), Utah, the following events occurred that Petitioner believes the children

    [ X ]   are being abused or are in imminent danger of being abused.

    [   ]   have been abused by someone who is not the child's parent, stepparent, guardian, or custodian.

DocuSign Envelope ID: 5AF55E5B-4D8E-471B-A7BF-E22521380A0C

Abuse is:
- physical abuse
- sexual abuse
- a sexual offense under Utah Code 76-5b-201 or 204
- human trafficking of a child under Utah Code 76-5-308.5

[Describe in detail what happened, when the events occurred, where, who was involved (including the child/ren and family and household members), if weapons were involved, and if injuries resulted. State the name and address of any other person who may have witnessed the physical or sexual abuse. Attach more sheets if necessary but only write on one side.]

Recently, ████████ disclosed to Petitioner Melissa Grimshaw that his Father, Andrew Grimshaw, has, when disciplining him, put his hand over his mouth to the point that ████ could not breathe. This has happened multiple times during Andrew's parent time with ████ When Melissa asked ████ bout the incidents, he replied that it happened "a lot." Melissa inquired about the allegations with the children's step mother, Breanne Birch. She reported that Andrew would lose his temper with ████ many times and took Brigham behind closed doors and ████ would hear ████ scream. Andrew has also historically frequently used excessive corporal punishment in disciplining the children, including excessive spanking.

Andrew has had concerning mental health issues recently, and was hospitalized in July 2022 due to a suspected overdose/attempted suicide. Andrew has made suicidal comments in front of B████ including saying that he was going to kill himself, and that it was Breanne's fault if he did.

In the fall of 2022, B██████ ████████ █████ lived with Andrew and Breanne full time in Idaho for about one month, due to Petitioner Melissa White's husband experiencing medical issues. Andrew's therapist suggested the children go back to live with their mother because Andrew's mental health was

---

Approved October 9, 2009 by Board of Juvenile Court Judges / Revised by Forms Committee July 1, 2020       Verified Petition for Ex Parte Child Protective Order        Page 5 of 10

DocuSign Envelope ID: 5AF55E5B-4D8E-471B-A7BF-E22521380A0C

in decline and parenting his children, and ▮▮▮▮ in particular, was exacerbating his mental health situation and was putting the children at risk. When the children returned to Melissa's care, they expressed to her how glad they were to be back. The children explicitly indicated that they were relieved that they were "safe now." The children also had all considerable lost weight while in Andrew's care. Melissa took them to the pediatrician in December 2022, where the weight loss was recorded. Melissa took the children back to the pediatrician in early 2023, and the children had all regained weight under Melissa's care.

At the December 2022 pediatrician appointment, the pediatrician became highly concerned that BraeLynn had been a victim of sexual abuse. The pediatrician's concerns arose after Braelyn's reaction to the pediatrician's attempt to have her lie down. When the pediatrician asked her if anyone had touched her where they shouldn't, she covered her face and looked at her mom. The pediatrician referred the incident to CPS for further investigation. The medical record of this appointment is attached.

In January 2023, Andrew was charged with domestic violence after confronting Breanne. Andrew shoved Breanne, tried to break down the door when she locked him out, blocked her interior cameras and unplugged her internet in an attempt to get her to come out. After that incident, Andrew moved to Utah. He has called Melissa on the phone and made disturbing threats, including that he would "come after her," called her a bitch, and told her "I guess you have what is coming to you, you just wait." Andrew has a history of domestic violence incidents against Melissa White as well, including hitting her with a belt and burning her with a curling iron, both of which occurred while she was pregnant.

_____

_____

DocuSign Envelope ID: 5AF55E5B-4D8E-471B-A7BF-E22521380A0C

6. Check **one**:

[____] No cases of any type (divorce, custody, other protective orders, etc.) involving Petitioner, Respondent and/or the others named in this petition have been filed in any court.

[_X__] The following cases which involve Petitioner, Respondent and/or the others named in this petition have been filed, including the child/ren on behalf of whom Petitioner is seeking a protective order. (List all cases that have been filed in any court, at any time):

| Party Who Filed the Case | Filing Date or Judgment Date | Court or County where Case Filed | Case Number and Case Type |
|---|---|---|---|
| State of Utah | 12-02-21 (date of final order) | Fourth District Court | 194400219 - divorce |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

7. Check **one**:

[  ] Petitioner has not filed for a protective order in any other court of the State.

[ X ] Petitioner has filed for the following protective orders in another court of the State: (List all protective order filings in any court, at any time):

| Respondent; relationship to Petitioner | Date of filing or judgment | Court or County where case filed | Has a judge signed an order? |
|---|---|---|---|
| Andrew Grimshaw (ex husband) | Feb. 9, 2023 | 4th District Court | No |
|  |  |  |  |

WHEREFORE: I respectfully request that this Court:

Order the Respondent to appear at a hearing.
*Order the Division of Child and Family Services to provide to the Court information regarding the status of Petitioner's referral.*
Immediately issue Ex Parte relief on the Child Protective Order and, after a hearing within 20 days, issue a Child Protective Order containing the following relief (Check boxes of relief that you are requesting):

[ x__] Restrain the Respondent from attempting, threatening or committing abuse against the minor children and from stalking, harassing, or threatening or using or attempting to use physical force that would reasonably be expected to cause physical injury to the minor.

DocuSign Envelope ID: 5AF55E5B-4D8E-471B-A7BF-E22521380A0C

[_x__] Prohibit the Respondent from directly or indirectly contacting, harassing, telephoning, e-mailing, or otherwise communicating with the minor children.

[__x_] Order the Respondent to vacate and stay away from the residences located at: 1212 E. 800 S. Provo, UT and any subsequent residence of the minor children, and prohibit the Respondent from terminating or interfering with the utility services to the residence.

[_x__] Order the respondent to stay away from:

> (If the children and respondent go to the same school, place of worship or place of employment, the court cannot order respondent to stay away from those places. However, you can ask for restrictions at those locations, such as distance to stay away, areas, or periods of time not to be present.)

[ x ]    Child's school:

| Child's name | School address (Street, City, State, ZIP) |
|---|---|
| ███████████ | ███████████ |
| | |
| | |

[ ] Respondent does not attend the same school as the children.

[ ] Respondent attends the same school as the children and I ask for the
    following restrictions at that location:

_____

_____

[ ] Child's place of worship:

| Child's name | Address of place of worship (Street, City, State, ZIP) |
|---|---|
| | |
| | |
| | |
| | |

[ ] Respondent does not attend the same place of worship as the children.

[ ] Respondent attends the same place of worship as the children and I ask
    for the following restrictions at that location:

_____

_____

---

DocuSign Envelope ID: 5AF55E5B-4D8E-471B-A7BF-E22521380A0C

[ N/A ]      Child's work:

| Child's name | Work address (Street, City, State, ZIP) |
|---|---|
|  |  |
|  |  |
|  |  |

[ ] Respondent does not work at the same place as the children.

[ ] Respondent works at the same place as the children and I ask for the
following restrictions at that location:

_____

_____

[ X ] These places, which the child goes to often:

| Child's name | Name of place and address (Street, City, State, ZIP) |
|---|---|
| ███████ |  |
|  |  |
|  |  |

[ x ] Prohibit the Respondent from purchasing, using, or possessing a firearm or other
weapon as designated by the court, including:
  Guns, knives, or any other weapons_____

[ ___ ] *Award possession of the following personal property:*

_____
_____
_____
_____

[ ___ ] Order a law enforcement officer to accompany Petitioner and the children to the
residence to ensure that the children are safely restored to possession of the listed items.

[ ___ ] Order a law enforcement officer to supervise Respondent's removal of essential
personal belongings from the residence.

[ X ] Appoint a Guardian ad Litem to represent the best interests of the children.

[ X ] Grant appropriate custody of the minor children.

Approved October 9, 2009 by Board of Juvenile       Verified Petition for Ex Parte Child Protective Order       Page 9 of 10
Court Judges / Revised by Forms Committee July
1, 2020

https //mycase utcourts gov/MyCaseWEB/ s/externa /pdf s  2 9 35…grSMoU0a5%252F08a38GeGGyeHS0gyX9 Ufoq WKUrtg%253D%253D#page 1       Page 7 of 8

DocuSign Envelope ID: 5AF55E5B-4D8E-471B-A7BF-E22521380A0C

[ X ] Order the following parent-time arrangement (if requesting parent-time arranged through or supervised by another person, identify that person):

_____Andrew's parent time should be suspended until this matter can be heard._____

_____

_____

_____

[ X ] Restrain Respondent from using drugs and/or alcohol prior to or during parent-time.

[ X ] Restrain Respondent from removing the minor children from the state.

[ X ] Order Respondent to continue to pay child support as ordered pursuant to the Utah Uniform Child Support Guidelines.

[____] Order Respondent to participate in mandatory income withholding pursuant to Utah Code Annotated § 62A-11, Parts 4 and 5.

[____] Order Respondent to pay one-half of the minor child/ren's day care expenses.

[____] Order Respondent to pay one-half of the minor child/ren's medical expenses including premiums, deductibles and co-payments.

[____] Order Respondent to pay the minor children's medical expenses suffered as a result of abuse in the amount of $_____.

[____] Order any other relief that the court considers necessary for the safety and welfare of the children, including the following:

_____

_____

I declare under criminal penalty under the law of Utah that everything stated in this document is true.

Signed at __Provo Utah_____ (city, and state or country).

09 February 2023

Date

Signature ▶ _____

Printed Name   Melissa white

Approved October 9, 2009 by Board of Juvenile Court Judges / Revised by Forms Committee July 1, 2020          Verified Petition for Ex Parte Child Protective Order          Page 10 of 10

**<u>EXHIBIT 10</u>**
**TO**
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF**

**Order Vacating Child Protective Order**



| | | | |
|---|---|---|---|
| **Court:** | 3rd D str ct Court Sa t Lake | | |
| **Case No:** | 234900837 | **District:** | THIRD |
| **County:** | SALT LAKE | **State:** | Utah |
| **Judge:** | HEATHER BRERETON | | |

| Name of Petitioner | Name of Respondent |
|---|---|
| **MELISSA WHITE** | **ANDREW GRIMSHAW** |

Based on the information presented, and after hearing, the Court finds that the previously entered child protective order is **VACATED** under Utah Code section 78B-7-205(5), based on the following: PER COURT ORDER.

There has been a substantial and material change in circumstances.

Other:

**Dated:** March 02, 2023
12:39:33 PM

**by**

**At the direction of:**
HEATHER BRERETON
District Court Judge

/s/ KERIE STUTH
Court Clerk

---

**<u>EXHIBIT 11</u>**
**TO**
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY
TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING
CRIMINAL PROSECUTION; AND REQUEST FOR
DECLARATORY RELIEF**

15:28  LTE

12 People >

**Kas Barnes**

Because Bill is a BAMF

Fri, Feb 3 at 19:40

**Justin Mcdonald**

Big ups Bill keep em coming!

Today 15:21

**Bre Birch**

PSA.  Please assist myself and my children in keeping us safe and blocking Andrew Grimshaw on social media accounts. He has been continually harassing and stalking my family and friends in attempts to contact me.  For personal reasons I prefer not to share further.  His avenues are TikTok, Facebook, and Instagram. Realmrgrimshaw and Andrew Grimshaw are the users name.  I sincerely thank you all for being my family and keeping us safe. Bless ya'll.

**Layton Powell**

You got it!

Text Message

**<u>EXHIBIT 12</u>**
**TO**
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY**
**TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING**
**CRIMINAL PROSECUTION; AND REQUEST FOR**
**DECLARATORY RELIEF**

7:39

2 People ›

Text Message
Today 7:23 PM

Bre

Hey, i was hoping it wouldn't come to this point, but I am very protective of my kids and enough is enough.  I don't know if Andrew is having a mental breakdown or what, but he needs to leave my kids and family alone.  He is reaching out to my 9 year old and my friends. He needs to accept the No Contact Order and leave us alone.  I wanted things to be civil and for him to just move on.  He is making this criminal by stalking on top of his battery charge.  I don't know nor do I care the lies he told about why we aren't together.  He needs help to recover from his sexual abuse as a child and help with his professionally diagnosed Borderline Personality Disorder. Can you please positively encourage him to date and move on?

Text Message

**<u>EXHIBIT 13</u>**
**TO**
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING CRIMINAL PROSECUTION; AND REQUEST FOR DECLARATORY RELIEF**

Filed: 04/25/2023 12:00:47
Sixth Judicial District, Bannock County
Jason Dixon, Clerk of the Court
By: Deputy Clerk -  Sanada, Monica

IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK

STATE OF IDAHO
    Plaintiff,

v.

ANDREW RANDOLPH GRIMSHAW
    Defendant.

Case No. CR03-23-02304

Judgment of Dismissal

| Count | Statute I.C.§ | Charge Desc |
|-------|---------------|-------------|
| 1 | I18-920 | No Contact Order Violation |

Pursuant to:
☐ the Court's own motion
☒ the motion of the State
☐ the motion of the Defendant
☐ the finding of not guilty

The charge(s) of:

| Count | Statute I.C.§ | Charge Desc |
|-------|---------------|-------------|
| 1 | I18-920 | No Contact Order Violation |

against the Defendant is DISMISSED.  Any property or surety bond posted is exonerated. Unless otherwise ordered by the Court any money on deposit, posted for bail, shall be applied to fines, fees, costs and restitution imposed in the case and fines, fees, costs and restitution that have been imposed against the Defendant in any other criminal action.  After satisfying the fine, fees, costs and restitution the Court will refund the surplus, if any, to the person who posted the cash deposit.

**IT IS SO ORDERED.**

Dated: 4/25/2023

Judge Carol Tippi Jarman

Judgment of Dismissal

Page 1 of 2

## CERTIFICATE OF SERVICE

I certify that on this date, I served a copy of the attached to:

Richard Allen Diehl, Jr        pocatellocityprosecutor@pocatello.us        [X] By E-mail
Richard Jan Blok              richard@racineolson.com                    [X] By E-mail

Andrew Randolph Grimshaw

[ ] By fax (number) _____
[ ] By overnight delivery/Fed Ex
[x] By personal delivery

Jason Dixon
Clerk of the Court

Dated: 4/25/2023            By: _____

Deputy Clerk

**<u>EXHIBIT 14</u>**
**TO**
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY
TRIAL; PETITION FOR WRIT OF MANDAMUS DIRECTING
CRIMINAL PROSECUTION; AND REQUEST FOR
DECLARATORY RELIEF**

**Subject:** Re: Andrew Grimshaw
**Date:** Monday, March 13, 2023 at 8:01:47 AM Mountain Standard Time
**From:** Angelo L. Rosa
**To:** Breanne Sanders

Dear Ms. Birch:

This is to confirm receipt of your message, below.

Our firm represents Mr. Grimshaw with respect to his civil and business legal matters. We can neither comment on the majority of your statements, nor can we provide you with any legal advice.

Regarding your stated desire for resolution, Mr. Grimshaw cannot (and will not) contact you given the criminal charges you have pursued against him and the non-contact order you have obtained against him. These are matters that Mr. Grimshaw has no authority to "settle." Any inquiries regarding resolution of those proceedings should be directed to the Bannock County Prosecutor, Mr. Grimshaw's criminal attorney Richard Blok, and the court(s) presiding over them, not this firm.

Finally, if you are represented by legal counsel, please forward their contact information so that we may direct future communication through the proper channels.

Regards,

ALR



Angelo L. Rosa*
**Managing Partner, ROSA PLLC**
**(Commercial Advising & Legal**
**Counsel)**
**President, ALR Publications Ltd.**
950 West Bannock Street, Ste.
1100 | Boise, Idaho 83702



Tel.      +1 (208) 900-6525
Fax.     +1 (208) 515-2203

*Admitted to Practice in California
and Idaho

**PERSONAL AND CONFIDENTIAL**: This message originates from ROSA PLLC and/or Angelo L. Rosa.  This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended

recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and by telephone at +1 (208) 900-6525 or by facsimile to +1 (208) 515-2203, and by deleting the original message.

**IRS CIRCULAR 230 DISCLOSURE**:  This message and any attached documents may contain provisions concerning a Federal or state tax issue or issues.  This message and any attached documents are not intended or written to be used, and cannot be used, by any taxpayer for the purposes of avoiding penalties that may be imposed on any taxpayer by the Internal Revenue Service.

On 3/11/23, 3:27 PM, "Breanne Sanders" <babybclover@yahoo.com <mailto:babybclover@yahoo.com>> wrote:

To whom it may concern:

I have automatic payment set up to pay Allstate for insurance which is drafted from my bank account. There is no prior or separate payments for the month of March made for insurance. The trailer is due every 19th of the month and Andrew didn't pay until the 24th of February. He will be responsible for any late payment fees. It will negatively impact both party's credit if he continues to pay late.
It was just noticed that two windows were shot at and shattered so an insurance claim will be made to replace those windows which is 50% Andrew's responsibility. I will further advise after contacting the insurance company to have them replaced. The license plate for the trailer does need to be returned. The trailer is being placed for sale and if it doesn't sell within an allotted time frame, it will be sent back to the dealership and Andrew and myself will have to split the deficit equally. Last time checked it was about $12,000 of negative value.

-Breanne Birch

**Subject:** Re: Andrew Grimshaw
**Date:**   Saturday, March 11, 2023 at 6:00:52 PM Mountain Standard Time
**From:**   Angelo L. Rosa
**To:**     Breanne Sanders

Ms. Sanders:

Thank you for your e-mail.

I will confer with Mr. Grimshaw and get back to you on Monday when I am back in the office.

Regards, ALR


Angelo L. Rosa*
**Managing Partner, ROSA PLLC**
**(Commercial Advising & Legal**
**Counsel)**
**President, ALR Publications Ltd.**
950 West Bannock Street, Ste.
1100 | Boise, Idaho 83702
█████████████████████
████████

Tel.    +1 (208) 900-6525
Fax.    +1 (208) 515-2203

*Admitted to Practice in California
and Idaho

**PERSONAL AND CONFIDENTIAL**: This message originates from ROSA PLLC and/or Angelo L. Rosa.  This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and by telephone at +1 (208) 900-6525 or by facsimile to +1 (208) 515-2203, and by deleting the original message.

**IRS CIRCULAR 230 DISCLOSURE**:  This message and any attached documents may contain provisions concerning a Federal or state tax issue or issues.  This message and any attached documents are not intended or written to be used, and cannot be used, by any taxpayer for the purposes of avoiding penalties that may be imposed on any taxpayer by the Internal Revenue Service.

On 3/11/23, 3:27 PM, "Breanne Sanders" <babybclover@yahoo.com <mailto:babybclover@yahoo.com>> wrote:

To whom it may concern:

I have automatic payment set up to pay Allstate for insurance which is drafted from my bank account. There is no prior or separate payments for the month of March made for insurance. The trailer is due every 19th of the month and Andrew didn't pay until the 24th of February. He will be responsible for any late payment fees. It will negatively impact both party's credit if he continues to pay late.
It was just noticed that two windows were shot at and shattered so an insurance claim will be made to replace those windows which is 50% Andrew's responsibility. I will further advise after contacting the insurance company to have them replaced. The license plate for the trailer does need to be returned. The trailer is being placed for sale and if it doesn't sell within an allotted time frame, it will be sent back to the dealership and Andrew and myself will have to split the deficit equally. Last time checked it was about $12,000 of negative value.

-Breanne Birch